*Court Of Appeals*
*Fourth Court of Appeals District of Texas*
*San Antonio*


# OPINION

No. 04-07-00692-CV

Anna **DRAKER**,
Appellant

v.

Benjamin **SCHREIBER**, a Minor, Lisa Schreiber,
Ryan Todd, a Minor, Lisa Todd, and Steve Todd,
Appellees

From the 38th Judicial District Court, Medina County, Texas
Trial Court No. 06-08-17998-CV
Honorable Mickey R. Pennington, Judge Presiding

Opinion by:    Karen Angelini, Justice
Concurring opinion by: Catherine Stone, Justice

Sitting:    Catherine Stone, Justice
            Karen Angelini, Justice
            Steven C. Hilbig, Justice

Delivered and Filed:    August 13, 2008

AFFIRMED

Anna Draker appeals the trial court's order granting the motion for summary judgment of

Benjamin Schreiber, Lisa Schreiber, Ryan Todd, Lisa Todd, and Steve Todd on Draker's claims of

intentional infliction of emotional distress, negligence, and gross negligence. We affirm the trial

court's judgment.

## BACKGROUND

On April 19, 2006, Anna Draker, a vice-principal at Clark High School, was advised by a co-worker that some students had created a website on MySpace.com. The website, which appeared to have been created by Draker, contained her name, photo, and place of employment, as well as explicit and graphic sexual references. It was subsequently discovered that Benjamin Schreiber and Ryan Todd, at the time both minors and students at Clark High School, were responsible for creating the website.

Draker sued Benjamin Schreiber and Ryan Todd ("students") for defamation and libel per se, as well as their parents for negligence and gross negligence relating to the parents' supervision of the students' use of the internet. Draker later filed a first amended petition, pleading negligence in the alternative to her original claims for defamation and libel per se, as well as asserting additional claims against the students for civil conspiracy and gross negligence.

In response to Draker's lawsuit, the students filed a joint motion for summary judgment, asserting that because the "exaggerated and derogatory statements" included on the MySpace website in question were not assertions of fact that could be objectively verified, they were not defamatory as a matter of law. Draker filed a response to this motion, which was subsequently sealed at Draker's request, along with the motion and attached exhibits.[1] She then filed a second amended petition in which she again pled civil conspiracy, defamation and libel per se, and also alleged, in the alternative to her defamation and libel per se claims, a claim for intentional infliction of emotional distress. Her second amended petition also continued to assert her allegations of

---

[1]We refer to the pertinent facts contained in the sealed motion and response as they are set forth in the parties' briefs.

negligence and gross negligence against the parents. The trial court granted the students' motion for summary judgment and dismissed Draker's causes of actions against the students for defamation and libel per se.

The Schreibers and the Todds then filed a joint motion for summary judgment as to Draker's remaining claims for intentional infliction of emotional distress, civil conspiracy, and negligence. Draker then filed her third amended petition, wherein she alleged solely intentional infliction of emotional distress as to the students, and negligence and gross negligence as to the parents. Draker further filed a motion for continuance, arguing that she needed more time to conduct discovery on her remaining claims; however, at the summary judgment hearing, the trial court denied Draker's motion for continuance and granted the Schreibers' and the Todds' motion for summary judgment.

In three issues on appeal, Draker argues that the trial court erred in (1) granting summary judgment in favor of the students on her claim of intentional infliction of emotional distress; (2) granting summary judgment in favor of the parents on her claims of negligence and gross negligence; and (3) denying her motion for continuance and thereby preventing her from conducting further discovery on her intentional infliction of emotional distress and negligence causes of action.

## STANDARD OF REVIEW

The Schreibers and the Todds filed both a traditional and a no-evidence motion for summary judgment. *See* TEX. R. CIV. P. 166a(c), (i). To obtain a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that judgment should be granted as a matter of law. *KPMG Peat Marwick v. Harrison County Hous. Fin. Corp.*, 988 S.W.2d 746, 748 (Tex. 1999). A defendant moving for summary judgment must conclusively negate at least one essential element of each of the plaintiff's causes of action or conclusively establish each element of

an affirmative defense. *Sci. Spectrum, Inc. v. Martinez*, 941 S.W.2d 910, 911 (Tex. 1997). Under this traditional standard, we take as true all evidence favorable to the respondent and must make all reasonable inferences in the respondent's favor. *Id.*

We review a no-evidence summary judgment de novo and consider the evidence in the light most favorable to the respondent, disregarding all contrary evidence and inferences. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750-51 (Tex. 2003). If the respondent produces more than a scintilla of evidence establishing the existence of the challenged element, a genuine issue of material fact exists. *Id.*; *see* TEX. R. CIV. P. 166a(i). In determining if there is more than a scintilla of evidence, we consider whether the evidence would enable reasonable and fair-minded jurors to differ in their conclusions. *Hamilton v. Wilson*, 249 S.W.3d 425, 426 (Tex. 2008).

Further, when, as here, a trial court's order granting summary judgment does not specify the grounds relied upon, we must affirm summary judgment if any of the summary judgment grounds are meritorious. *FM Props. Operating Co. v. City of Austin*, 22 S.W.3d 868, 872 (Tex. 2000).

## INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS

To recover damages for intentional infliction of emotional distress, a plaintiff must establish that (1) the defendant acted intentionally or recklessly; (2) the defendant's conduct was extreme and outrageous; (3) the defendant's actions caused the plaintiff emotional distress; and (4) the emotional distress suffered by the plaintiff was severe. *Wal-Mart Stores, Inc. v. Canchola*, 121 S.W.3d 735, 740-41 (Tex. 2003); *Morgan v. Anthony*, 27 S.W.3d 928, 929 (Tex. 2000).

Furthermore, intentional infliction of emotional distress is a "gap-filler" tort, created to permit recovery in "those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La*

*Roche, Inc. v. Zeltwanger*, 144 S.W.3d 438, 447 (Tex. 2004). It was never intended as an easier and broader way to allege claims already addressed by our civil and criminal laws, nor was it intended to replace or duplicate existing statutory or common law remedies. *See Creditwatch, Inc. v. Jackson*, 157 S.W.3d 814, 817-18 (Tex. 2005); *Hoffmann-La Roche, Inc.*, 144 S.W.3d at 447. Thus, if the gravamen of a plaintiff's complaint is another tort, a claim for intentional infliction of emotional distress claim will not lie regardless of whether the plaintiff succeeds on, or even makes the alternate claim. *Hoffmann-La Roche, Inc.*, 144 S.W.3d at 448; *see also Creditwatch, Inc.*, 157 S.W.3d at 817 ("As [the plaintiff's] complaints are covered by other statutory remedies, she cannot assert them as intentional infliction claims just because those avenues may now be barred."); *Louis v. Mobil Chem. Co.*, 254 S.W.3d 602, 610 (Tex. App.—Beaumont 2008, pet. filed) ("Where the gravamen of the complaint is really another tort, intentional infliction of emotional distress is unavailable."); *Conley v. Driver*, 175 S.W.3d 882, 887 n.4 (Tex. App.—Texarkana 2005, pet. denied) (explaining that intentional infliction of emotional distress tort "cannot be used as an alternative to some other, more conventional tort [that] fits the facts but might be subject to some structural impediment").

## DISCUSSION

The Schreibers' and the Todds' motion for summary judgment asserted that Draker could not establish each of the essential elements of her intentional infliction of emotional distress claim as a matter of law because the gravamen of her complaint was defamation; therefore, regardless of whether Draker prevailed on her defamation claim, she had another theory of redress and could not sue for intentional infliction of emotional distress.

Draker, however, argues that intentional infliction of emotional distress should be available as a "gap filler" when, as here, she has been precluded from asserting a defamation claim "as a matter of law." We disagree.

The Texas Supreme Court has rejected a similar argument to Draker's:

> [A] plaintiff's failure to establish his or her claim . . . does not mean that the plaintiff has a claim for intentional infliction of emotional distress. If the gravamen of a plaintiff's complaint is the type of wrong that the statutory remedy was meant to cover, a plaintiff cannot maintain an intentional infliction claim *regardless of whether he or she succeeds on*, or even makes, a statutory claim.

*Hoffman-La Roche, Inc.,* 144 S.W.3d at 448 (emphasis added); *see also* BLACK'S LAW DICTIONARY 721 (8th ed. 2004) (defining "gravamen" as "[t]he substantial point or essence of a claim, grievance, or complaint").

More recently, the Beaumont Court of Appeals held that a plaintiff who sued his employers for intentional infliction of emotional distress, defamation, and retaliation could not maintain his claim for intentional infliction of emotional distress because the nature of his claim, a threat to wrongfully discharge him unless he falsified his reports, was in essence a *Sabine Pilot* claim. *Louis*, 254 S.W.3d at 610. The plaintiff, however, was unable to prevail on a *Sabine Pilot* claim because he had *not* refused to do the illegal act. *Id.* That is, because he was fired for performing the illegal act rather than for *refusing* to perform the illegal act, he could not prevail on his wrongful discharge claim as a matter of law. *Id.* Nevertheless, the court held that even though the plaintiff was precluded from bringing a *Sabine Pilot* claim, because the gravamen of his complaint was another tort, that of wrongful termination under *Sabine Pilot*, the trial court did not err in granting a motion for summary judgment on plaintiff's claim for intentional infliction of emotional distress. *Id.*; *see also Conley*, 175 S.W.3d at 887 n.4 (explaining that intentional infliction of emotional distress tort cannot be used

as an alternative to some other, more conventional tort that fits the facts but might be subject to some structural impediment).

Similarly, in the present case, that the trial court dismissed Draker's defamation claim "as a matter of law" does not give rise to one of "those rare instances in which a defendant intentionally inflicts severe emotional distress in a manner so unusual that the victim has no other recognized theory of redress." *Hoffmann-La Roche, Inc.*, 144 S.W.3d at 447. If the gravamen of Draker's complaint was defamation, it matters not whether she succeeded on, or even made, such a claim. *See id.* at 448.

Thus, to maintain a claim for intentional infliction of emotional distress, Draker was required to allege facts independent of her defamation claim. *See id.* at 450. Draker's second amended petition alleged a claim for defamation and further alleged, in the alternative, that "should this court find that the statements are not defamatory as a matter of law, then [intentional infliction of emotional distress] is the only cause of action that will provide a remedy for the severe emotional distress suffered by Ms. Draker at the hands of the Defendants, Ryan Todd and Benjamin Schreiber." No independent facts were alleged in this second amended petition for Draker's intentional infliction of emotional distress claim. Draker did attempt to allege facts independent of her defamation claim in her third amended petition, wherein she alleged that the following acts amounted to extreme and outrageous conduct: (1) the use of her identity without her knowledge or permission; (2) the worldwide publication of facts about her, while portraying such facts as if they were true and as if they were about and from her; (3) the acceptance of other members of MySpace.com as "friends" to her supposed site; (4) the worldwide publication of her name, profession, and place of employment, along with false statements about her sexual preferences and activities, without her knowledge or

permission; and (5) the portrayal of her as an individual who engages in lewd and offensive behavior, as well as the portrayal of her as a lesbian.[2]

We note that many of the "independent" facts alleged by Draker in her third amended petition were also alleged by her in her second amended petition. Specifically, Draker's second amended petition alleged that the students created a website containing her picture and name, along with lewd, false, and obscene comments, pictures, and graphics that implied she was a lesbian. The second amended petition further alleged that there were instant messages from other users or "friends" of MySpace.com who Draker did not recognize. And, this petition alleged that the statements, which Draker alleged were false, were published on MySpace.com and were, therefore, accessible to anyone in the world.

The only facts "independent" of Draker's defamation claim involve the students' use of Draker's identity without her knowledge or permission and the portrayal of such facts as if they were from Draker. However, these allegations stem from the students' involvement in the creation and, more importantly, the publication of the subject web page. Further, while Draker complains of the manner in which the website was created (i.e. using her identity without her knowledge or permission), it was the content of the website that caused Draker emotional distress. Thus, the essence of Draker's complaint, that the students "used Draker's identity" in both creating and publishing the web page, is defamation. *See WFAA-TV, Inc. v. McLemore*, 978 S.W.2d 568, 571

---

[2]Draker also complains that opposing counsel threatened to sue her co-worker and drafted correspondence that terrorized and severely distressed Draker during this litigation. However, a person cannot be liable for asserting his legal rights even though he is aware that in doing so, he is sure to cause emotional distress. *See Tex. Farm Bureau Mut. Ins. Cos. v. Sears*, 84 S.W.3d 604, 612 (Tex. 2002); *see also* RESTATEMENT (SECOND) OF TORTS § 46 cmt. g ("The actor is never liable, for example, where he has done no more than to insist upon his legal rights in a permissible way, even though he is well aware that such insistence is certain to cause emotional distress.").

(Tex. 1998) (explaining that to establish a defamation claim, a plaintiff must demonstrate that the defendant published a factual statement that was defamatory to the plaintiff while acting negligently as to the truth of the statement).

Because Draker failed to alleged facts independent of her defamation claim in support of her claim for intentional infliction of emotional distress, the trial court did not err in granting summary judgment on this claim. *See Hoffmann-La Roche, Inc.*, 144 S.W.3d at 447. Draker's first issue is denied.

### MOTION FOR CONTINUANCE

Draker further argues that the trial court erred in denying her motion for continuance in order to provide her additional time to conduct discovery on her causes of action.

A trial court may order a continuance of a summary judgment hearing if it appears "from the affidavits of a party opposing the motion that he cannot for reasons stated present by affidavit facts essential to justify his opposition." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (quoting TEX. R . CIV. P. 166a(g)). When reviewing a trial court's order denying a motion for continuance, we consider whether the trial court committed a clear abuse of discretion on a case-by-case basis. *Id.* A trial court abuses its discretion when it reaches a decision so arbitrary and unreasonable that it amounts to a clear and prejudicial error of law. *Id.* When deciding whether a trial court abused its discretion in denying a motion for continuance requesting additional time to conduct discovery, we consider the following non-exclusive factors: the length of time the case has been on file, whether the party seeking the continuance has exercised due diligence to obtain the discovery sought, and the materiality and the purposes of the discovery sought. *Id.*

Here, Draker failed to show materiality of the discovery sought. Draker filed a pleading entitled "Motion for Continuance and Response to Defendants' Second Motion for Summary Judgment." In the portion of the pleading relating to a continuance, Draker stated she was seeking a continuance "until she has had an opportunity to depose the defendants in this matter." Specifically, Draker complained that the defendants had refused to allow her to take depositions. Then, in the portion of the pleading in which she responded to defendants' second motion for summary judgment, Draker more specifically articulated her reasons for the need to conduct further discovery. According to Draker, she needed to take the minor plaintiffs' depositions so that she could determine the intent of the authors who created the web page. Then, she referenced a specific need to take the depositions of the defendant parents, arguing that her negligence allegations against them required a factual determination.

However, because we have held that the tort of intentional infliction of emotional distress is unavailable to Draker as a "gap-filler" cause of action, the intent of the minor plaintiffs is not material. Further, because the negligence claims against the defendant parents are dependent upon liability findings against the minors, any facts pertaining to negligence obtained from the defendant parents in a deposition are likewise immaterial. Beyond the statements set forth above as contained in Draker's pleadings, Draker did not articulate any further reasons why the discovery sought was material to her cause of action or for what purpose she sought the discovery. Under these circumstances, we cannot say the trial court abused its discretion in refusing to grant Draker's motion for continuance. *See Joe*, 145 S.W.3d at 161. Draker's second issue is denied.

Having determined that Draker's claim for intentional infliction of emotional distress was properly dismissed, we need not address Draker's remaining issue.

**CONCLUSION**

As the gravamen of Draker's complaint was one of defamation, the trial court did not err in dismissing her claim for intentional infliction of emotional distress. Nor did the trial court abuse its discretion in denying her motion for continuance. Accordingly, we affirm the trial court's judgment.


Karen Angelini, Justice