NO. 07-09-0243-CV

 

IN THE
COURT OF APPEALS

 

FOR THE
SEVENTH DISTRICT OF TEXAS

 

AT
AMARILLO

 

PANEL C

 



AUGUST
4, 2010

 



 

DARYL LONG and NICOLE LONG,  

 

                                                                                         Appellants


v.

 

CIBOLO LIVERY STABLES, INC. and

TROY “TREY” S. MARTIN, III,  

 

                                                                                         Appellees

_____________________________

 

FROM THE 433RD DISTRICT COURT OF COMAL
COUNTY;

 

NO. 2008-280D; HONORABLE DIBRELL
“DIB” WALDRIP, PRESIDING

 



 

Memorandum
Opinion

 



 

Before
QUINN, C.J., and HANCOCK and PIRTLE, JJ.

            Daryl Long
and his wife Nicole Long (the Longs) sued Cibolo Livery Stables, Inc. (Cibolo)
and Troy “Trey” S. Martin, III, (Martin) for personal injuries received by
Daryl when he attended a rodeo.  The
rodeo was held on property that Martin owned. 
Several summary judgments were granted in favor of Cibolo and
Martin.  The Longs complain about that on
appeal.  We will affirm the court’s
decisions and its final judgment for the reasons discussed below.

            Background

            Martin owns fifty-three acres in
Comal County which he developed as a horse business.  In 1998, he formed Cibolo as a corporation to
conduct all horse-related business on the property.  Eventually, he leased the fifty-three acres
to Cibolo, and the latter eventually leased them to Yancey James (James) to produce
events on the property.  One such event
was a rodeo held on March 4, 2006, which Daryl attended.  Seated on a four-bench bleacher without side
railing and having drunk several beers, he allegedly leaned to the side to
spit, lost his balance, and fell.  This purportedly
resulted in a leg injury.  The trial
court granted final summary judgment against him, however, after he sued Cibolo
and Martin.      

            Standard of Review

            The standards by which we review both
traditional and no-evidence motions for summary judgment are discussed in Western Invs., Inc. v. Urena, 162 S.W.3d
547, 550 (Tex. 2005).  When the summary judgment does not specify
the grounds upon which it was granted, it may be affirmed on any ground in the
motion that is meritorious.  Provident Life & Accident Ins. Co. v.
Knott, 128 S.W.3d 211, 216 (Tex. 2003). 

            Premises and Products Liability

            Martin and Cibolo initially sought a
traditional summary judgment on the basis that they owed no duty to the
Longs.  Their supplemental motion,
however, interjected an allegation that there was no evidence supporting any
element of that claim or the one sounding in products liability.  The Longs do not contest that allegation in
their appellate brief by arguing that such evidence does indeed exist.  Rather, they seek reversal on the basis that
the supplemental motion for summary judgment was untimely and that granting it
was premature.  In particular, they aver
that the trial court should not have heard it on August 28, 2008, because 1) the
date fell within twenty-one days of the day the
motion was filed and 2) it should have granted a continuance enabling the Longs
to conduct discovery.  We overrule both
contentions.

            Timeliness of Hearing

            According to
the Texas Rules of Civil Procedure, a motion for summary judgment shall be
“filed and served” at least twenty-one days before the hearing.  Tex.
R. Civ. P. 166a(c).  Per this
provision, the Texas Supreme Court has held that the hearing may be set as
early as the twenty-first day after the motion is served by hand or twenty-four
days if served by mail.  Lewis v. Blake, 876 S.W.2d 314, 316
(Tex. 1994).  The Longs do not deny that
a copy of the supplemental motion for summary judgment was hand delivered to
them on August 7, 2008, as disclosed by the certificate of service.[1]  Nor do they deny that the original was mailed
to the district clerk on that same date. 
Rather, they contend that because it was filed marked on August 11,
2008, the trial court could not have heard the supplemental motion on the day it
did.  This is so, they continue, because
there are less than twenty-one days between August 11th and the 28th.  Yet, as previously mentioned, the Supreme
Court authorized the hearing to occur on the twenty-first day after service of the motion, if the motion was
hand delivered, and here, the twenty-first day is August 28th.  

            We further
note the absence of any allegation by the Longs that they did not have notice
of the August 28th hearing date when the motion was hand delivered to them on
August 7th.  Indeed, the motion itself
would belie any such contention, had it been made, since it also disclosed the
hearing date.  So, this aspect of their
issue is overruled.

            As for the
continuance, the Longs posit that they lacked “adequate time for discovery,” as
required by Texas Rule of Civil Procedure 166a(i), and the trial court was
wrong in not according it to them.  We
overrule this contention as well.

            Whether to
grant a continuance lies within the trial court’s discretion.  Draker
v. Schreiber, 271 S.W.3d 318, 325 (Tex. App.–San
Antonio 2008, no pet.).  So, we cannot
alter that decision unless it failed to comport with controlling rules and
principles.  See id.  One such rule obligates
the movant to illustrate the need for the postponement through an affidavit or
verified motion.  Triad Home Renovators v. Dickey, 15 S.W.3d 142, 145 (Tex. App.–Houston [14th Dist.] 2000, no pet.).  And, if the movant seeks time to conduct
further discovery, another rule mandates that he specify the discovery sought
and explain its materiality.  See Lee v. Haynes & Boone, L.L.P.,
129 S.W.3d 192, 198 (Tex. App.–Dallas 2004, pet.
denied).  So too must he address the
topic of diligence and illustrate that he has exercised it viz obtaining the discovery in question.  Landers
v. State Farm Lloyds, 257 S.W.3d 740, 747 (Tex. App.–Houston [1st Dist.] 2008, no pet.).  And, while a litigant normally has the right
to conduct discovery after suit is filed, the trial court is nonetheless
entitled to presume that plantiffs, such as the Longs, investigated the
legitimacy of their claims before pursuing them.  Levinthal
v. Kelsey-Seybold Clinic, P.A.,
902 S.W.2d 508, 511 (Tex. App.–Houston [1st
Dist.] 1994, no writ).  With that said,
we turn to the record before us.

            The suit was
filed on March 3, 2008.  The defendants’
initial summary judgment motion (the traditional one) was filed three months
later on June 8th.  Martin and Cibolo then
filed a supplement on August 7th alleging that their opponents had no evidence
supporting their claims, and a hearing on it as well as the original was
scheduled for and held on August 28th. 
From this we see that the suit was slightly older than five months when
the hearing convened.  While that may
seem to be a rather short period of time, the Longs nonetheless acknowledged
that “the case [was] not complex” in their response to the motion.  Furthermore, they had approximately two years
between the date of the incident and filing suit to investigate the legal and
factual basis for a suit.  And, though
the Longs attested that they needed more time to find an expert who could opine
about whether the bleachers at issue were unreasonably defective, it would seem
as though the aforementioned two-year period would have provided them ample
opportunity to begin that quest.  Indeed,
by signing the original petition, both counsel and client represented that they
not only read the document but also that it was not groundless “to the best of
their knowledge, information, and belief formed after reasonable inquiry . . . .” 
Tex. R. Civ. P. 13
(emphasis added).  Why they had not used
the two-year period before suit to find witnesses supporting such elemental
aspects of their choses-in-action was not explained below or here.  

            We do note
that effort was made to show why the requisite expert testimony was not secured
during the period between suit and summary judgment.  Yet, that explanation is less than
compelling.  For instance, they assert
that they were busy responding to “extensive discovery,” but what that
discovery was and why it was considered extensive went undisclosed.  More importantly, the information before us
could reasonably be interpreted as controverting the proposition.  Indeed, in May of 2008, one defendant moved
to compel them to reply to his requests for disclosure.  Such a motion hardly supports the notion that
the Longs were busy completing discovery. 
And, as for their being entangled in depositions, it appears that the
only one  which we know of was taken in
July of 2008, after the initial motion for summary judgment was filed.  

            So too does
the record tend to belie the representation that the Longs had not “known of
the immediate need to obtain an expert to opine on the defective and dangerous
nature of the bleachers prior to the filing of the ‘no evidence’ motion for
summary judgment.”  Given that answers to
questions regarding the defective design and dangerousness of an item most
likely lay outside the realm of general knowledge, it would seem rather basic
that an expert would be needed to opine on those topics.  And, to the extent that the Longs and their
counsel certified, per Texas Rule of Civil Procedure 13, that they made “reasonable
inquiry” into the legitimacy of their claims, it is somewhat difficult to
accept that they believed they had no need to contact or secure an expert to
address a pivotal aspect of their claim before the no-evidence motion was
filed.         

            Simply put,
the trial court could well have extended the Longs further opportunity to
conduct the discovery.  But, we cannot
say that it abused its discretion in refusing to do so in view of the
circumstances of record.  Thus, we
overrule the issue.  This, in turn,
leaves us with no choice but to affirm the no-evidence summary judgment on the
claims of premises and product liability. 
Again, the Longs did not attack it substantively but only asserted
procedural grounds for securing a reversal, and we have shown why those
procedural grounds are deficient.

§359 of the
Restatement of Torts

Finally, we will address the applicability
of §359 of the Restatement of Torts to the case at bar.  That provision was invoked through an amended
petition filed in preparation for the August 28th hearing.   Furthermore, it states that:

A lessor who leases land for a
purpose which involves the admission of the public is subject to liability for
physical harm caused to persons who enter the land for that purpose by a
condition of the land existing when the lessee takes possession, if the lessor

 

(a)  knows or by the exercise of
reasonable care could discover that the condition involves an unreasonable risk
of harm to such persons, and

 

(b)  has reason to expect that the lessee
will admit them before the land is put in safe condition for their reception,
and 

 

(c)  fails to exercise reasonable care to
discover or remedy the condition, or otherwise to protect such persons against
it. 

 

 

Restatement (Second) of Torts §359 (1965).  The Longs recognize, as do the Martins and
Cibolo, that this section of the Restatement has yet to be adopted as the law
of Texas by the Supreme Court.  Indeed,
the latter expressly postponed considering the matter until a later date.  Johnson
County Sheriff’s Posse v. Endsley, 926 S.W.2d 284, 286 (Tex. 1996).  Nonetheless, we are invited to complete what
the Supreme Court postponed.  That is a
gracious invitation which we decline.  

            As judges,
it is our duty to interpret, not create, law for the State of Texas.  See
Slaughter v. State, 110 S.W.3d 500, 502 (Tex. App.–Waco 2003, pet. dism’d).  The latter is
left to the Texas Legislature.   Should
it deign to adopt the section as controlling in Texas, we will abide by the
decision.  Until then, we, like the litigants
at bar, will continue to recognize that §359 of the Restatement is inapplicable
and overrule the issue.

Having no need to address the remaining
argument posed by the Longs, we affirm the trial court’s final judgment. 

 

                                                                        Brian
Quinn

                                                                        Chief
Justice      

                  

               

 











[1]The
certificate of service is prima facie evidence of the fact of service.  Tex.
R. Civ. P. 21a; Davis v. West, No. 01-08-01006-CV, 2009 Tex. App. Lexis  9921 at *27 (Tex. App.–Houston
[1st Dist.] December 31, 2009, no pet.).  Moreover, the Longs do not contend that they
did not receive the motion for summary judgment with attachments on August 7,
2008, that is, twenty-one days before the hearing.