NO. 07-09-0243-CV

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL C

AUGUST 4, 2010

_____

DARYL LONG and NICOLE LONG,

Appellants

v.

CIBOLO LIVERY STABLES, INC. and
TROY "TREY" S. MARTIN, III,

Appellees

_____

FROM THE 433RD DISTRICT COURT OF COMAL COUNTY;

NO. 2008-280D; HONORABLE DIBRELL "DIB" WALDRIP, PRESIDING

_____

***Memorandum Opinion***

_____

Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

Daryl Long and his wife Nicole Long (the Longs) sued Cibolo Livery Stables, Inc. (Cibolo) and Troy "Trey" S. Martin, III, (Martin) for personal injuries received by Daryl when he attended a rodeo. The rodeo was held on property that Martin owned. Several summary judgments were granted in favor of Cibolo and Martin. The Longs complain about that on appeal. We will affirm the court's decisions and its final judgment for the reasons discussed below.

*Background*

Martin owns fifty-three acres in Comal County which he developed as a horse business. In 1998, he formed Cibolo as a corporation to conduct all horse-related business on the property. Eventually, he leased the fifty-three acres to Cibolo, and the latter eventually leased them to Yancey James (James) to produce events on the property. One such event was a rodeo held on March 4, 2006, which Daryl attended. Seated on a four-bench bleacher without side railing and having drunk several beers, he allegedly leaned to the side to spit, lost his balance, and fell. This purportedly resulted in a leg injury. The trial court granted final summary judgment against him, however, after he sued Cibolo and Martin.

*Standard of Review*

The standards by which we review both traditional and no-evidence motions for summary judgment are discussed in *Western Invs., Inc. v. Urena,* 162 S.W.3d 547, 550 (Tex. 2005). When the summary judgment does not specify the grounds upon which it was granted, it may be affirmed on any ground in the motion that is meritorious. *Provident Life & Accident Ins. Co. v. Knott,* 128 S.W.3d 211, 216 (Tex. 2003).

*Premises and Products Liability*

Martin and Cibolo initially sought a traditional summary judgment on the basis that they owed no duty to the Longs. Their supplemental motion, however, interjected an allegation that there was no evidence supporting any element of that claim or the one sounding in products liability. The Longs do not contest that allegation in their appellate brief by arguing that such evidence does indeed exist. Rather, they seek reversal on the basis that the supplemental motion for summary judgment was untimely

and that granting it was premature. In particular, they aver that the trial court should not have heard it on August 28, 2008, because 1) the date fell within twenty-one days of the day the motion was filed and 2) it should have granted a continuance enabling the Longs to conduct discovery. We overrule both contentions.

*Timeliness of Hearing*

According to the Texas Rules of Civil Procedure, a motion for summary judgment shall be "filed and served" at least twenty-one days before the hearing. TEX. R. CIV. P. 166a(c). Per this provision, the Texas Supreme Court has held that the hearing may be set as early as the twenty-first day after the motion is served by hand or twenty-four days if served by mail. *Lewis v. Blake,* 876 S.W.2d 314, 316 (Tex. 1994). The Longs do not deny that a copy of the supplemental motion for summary judgment was hand delivered to them on August 7, 2008, as disclosed by the certificate of service.[1] Nor do they deny that the original was mailed to the district clerk on that same date. Rather, they contend that because it was filed marked on August 11, 2008, the trial court could not have heard the supplemental motion on the day it did. This is so, they continue, because there are less than twenty-one days between August 11th and the 28th. Yet, as previously mentioned, the Supreme Court authorized the hearing to occur on the twenty-first day after *service* of the motion, if the motion was hand delivered, and here, the twenty-first day is August 28th.

We further note the absence of any allegation by the Longs that they did not have notice of the August 28th hearing date when the motion was hand delivered to

---

[1]The certificate of service is prima facie evidence of the fact of service. TEX. R. CIV. P. 21a; *Davis v. West,* No. 01-08-01006-CV, 2009 Tex. App. LEXIS 9921 at *27 (Tex. App.–Houston [1st Dist.] December 31, 2009, no pet.). Moreover, the Longs do not contend that they did not receive the motion for summary judgment with attachments on August 7, 2008, that is, twenty-one days before the hearing.

3

them on August 7th.  Indeed, the motion itself would belie any such contention, had it been made, since it also disclosed the hearing date.  So, this aspect of their issue is overruled.

As for the continuance, the Longs posit that they lacked "adequate time for discovery," as required by Texas Rule of Civil Procedure 166a(i), and the trial court was wrong in not according it to them.  We overrule this contention as well.

Whether to grant a continuance lies within the trial court's discretion.  *Draker v. Schreiber,* 271 S.W.3d 318, 325 (Tex. App.–San Antonio 2008, no pet.).  So, we cannot alter that decision unless it failed to comport with controlling rules and principles.  *See id.*  One such rule obligates the movant to illustrate the need for the postponement through an affidavit or verified motion.  *Triad Home Renovators v. Dickey*, 15 S.W.3d 142, 145 (Tex. App.–Houston [14[th] Dist.] 2000, no pet.).  And, if the movant seeks time to conduct further discovery, another rule mandates that he specify the discovery sought and explain its materiality.  *See Lee v. Haynes & Boone, L.L.P.*, 129 S.W.3d 192, 198 (Tex. App.–Dallas 2004, pet. denied).  So too must he address the topic of diligence and illustrate that he has exercised it *viz* obtaining the discovery in question. *Landers v. State Farm Lloyds*, 257 S.W.3d 740, 747 (Tex. App.–Houston [1st Dist.] 2008, no pet.).  And, while a litigant normally has the right to conduct discovery after suit is filed, the trial court is nonetheless entitled to presume that plantiffs, such as the Longs, investigated the legitimacy of their claims before pursuing them.  *Levinthal v. Kelsey-Seybold Clinic*, *P.A.*, 902 S.W.2d 508, 511 (Tex. App.–Houston [1[st] Dist.] 1994, no writ).  With that said, we turn to the record before us.

The suit was filed on March 3, 2008. The defendants' initial summary judgment motion (the traditional one) was filed three months later on June 8th. Martin and Cibolo then filed a supplement on August 7th alleging that their opponents had no evidence supporting their claims, and a hearing on it as well as the original was scheduled for and held on August 28th. From this we see that the suit was slightly older than five months when the hearing convened. While that may seem to be a rather short period of time, the Longs nonetheless acknowledged that "the case [was] not complex" in their response to the motion. Furthermore, they had approximately two years between the date of the incident and filing suit to investigate the legal and factual basis for a suit. And, though the Longs attested that they needed more time to find an expert who could opine about whether the bleachers at issue were unreasonably defective, it would seem as though the aforementioned two-year period would have provided them ample opportunity to begin that quest. Indeed, by signing the original petition, both counsel and client represented that they not only read the document but also that it was not groundless "to the best of their knowledge, information, and belief formed *after reasonable inquiry* . . . ." TEX. R. CIV. P. 13 (emphasis added). Why they had not used the two-year period before suit to find witnesses supporting such elemental aspects of their choses-in-action was not explained below or here.

We do note that effort was made to show why the requisite expert testimony was not secured during the period between suit and summary judgment. Yet, that explanation is less than compelling. For instance, they assert that they were busy responding to "extensive discovery," but what that discovery was and why it was considered extensive went undisclosed. More importantly, the information before us

5

could reasonably be interpreted as controverting the proposition. Indeed, in May of 2008, one defendant moved to compel them to reply to his requests for disclosure. Such a motion hardly supports the notion that the Longs were busy completing discovery. And, as for their being entangled in depositions, it appears that the only one which we know of was taken in July of 2008, after the initial motion for summary judgment was filed.

So too does the record tend to belie the representation that the Longs had not "known of the immediate need to obtain an expert to opine on the defective and dangerous nature of the bleachers prior to the filing of the 'no evidence' motion for summary judgment." Given that answers to questions regarding the defective design and dangerousness of an item most likely lay outside the realm of general knowledge, it would seem rather basic that an expert would be needed to opine on those topics. And, to the extent that the Longs and their counsel certified, per Texas Rule of Civil Procedure 13, that they made "reasonable inquiry" into the legitimacy of their claims, it is somewhat difficult to accept that they believed they had no need to contact or secure an expert to address a pivotal aspect of their claim before the no-evidence motion was filed.

Simply put, the trial court could well have extended the Longs further opportunity to conduct the discovery. But, we cannot say that it abused its discretion in refusing to do so in view of the circumstances of record. Thus, we overrule the issue. This, in turn, leaves us with no choice but to affirm the no-evidence summary judgment on the claims of premises and product liability. Again, the Longs did not attack it substantively but

only asserted procedural grounds for securing a reversal, and we have shown why those procedural grounds are deficient.

### *§359 of the Restatement of Torts*

Finally, we will address the applicability of §359 of the Restatement of Torts to the case at bar. That provision was invoked through an amended petition filed in preparation for the August 28th hearing. Furthermore, it states that:

> A lessor who leases land for a purpose which involves the admission of the public is subject to liability for physical harm caused to persons who enter the land for that purpose by a condition of the land existing when the lessee takes possession, if the lessor
>
> (a) knows or by the exercise of reasonable care could discover that the condition involves an unreasonable risk of harm to such persons, and
>
> (b) has reason to expect that the lessee will admit them before the land is put in safe condition for their reception, and
>
> (c) fails to exercise reasonable care to discover or remedy the condition, or otherwise to protect such persons against it.

RESTATEMENT (SECOND) OF TORTS §359 (1965). The Longs recognize, as do the Martins and Cibolo, that this section of the Restatement has yet to be adopted as the law of Texas by the Supreme Court. Indeed, the latter expressly postponed considering the matter until a later date. *Johnson County Sheriff's Posse v. Endsley*, 926 S.W.2d 284, 286 (Tex. 1996). Nonetheless, we are invited to complete what the Supreme Court postponed. That is a gracious invitation which we decline.

As judges, it is our duty to interpret, not create, law for the State of Texas. *See Slaughter v. State,* 110 S.W.3d 500, 502 (Tex. App.–Waco 2003, pet. dism'd). The latter is left to the Texas Legislature. Should it deign to adopt the section as controlling in Texas, we will abide by the decision. Until then, we, like the litigants at bar, will

7

continue to recognize that §359 of the Restatement is inapplicable and overrule the issue.

Having no need to address the remaining argument posed by the Longs, we affirm the trial court's final judgment.


Brian Quinn
Chief Justice