

# Fourth Court of Appeals
## San Antonio, Texas

### OPINION

No. 04-22-00055-CV

Andrew Wayne **BOCK**,
Appellant

v.

**STATE FARM COUNTY MUTUAL INSURANCE COMPANY OF TEXAS**,
Appellee

From the 166th Judicial District Court, Bexar County, Texas
Trial Court No. 2021-CI-01786
Honorable Norma Gonzales, Judge Presiding

Opinion by:     Patricia O. Alvarez, Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Beth Watkins, Justice (concurring in the judgment only)

Delivered and Filed: June 28, 2023

AFFIRMED

This is an appeal from a petition for bill of review. In the underlying case, the trial court

granted summary judgment for the insurer, but the court clerk did not give notice of the judgment

to the parties. The insured petitioned for a bill of review case, and the trial court granted it. The

bill of review court withdrew—and then reinstated—the previously rendered summary judgment.

By doing so, it put Appellant back in the same position as if he had received notice of the original

judgment. Appellant now challenges the reinstated summary judgment, which we affirm.

## BACKGROUND

This appeal pertains to three civil suits: an automobile accident case, an extra-contractual claims case, and a bill of review case.

### A.     Automobile Accident Case[1]

After Andrew Wayne Bock was injured in an automobile accident, he sued the other driver for, inter alia, negligence.  He also sued State Farm County Mutual Insurance Company of Texas, his insurer.  His automobile insurance policy included underinsured motorist (UIM) coverage.  Bock's claims against State Farm included breach of contract, unfair insurance practices, breach of the duty of good faith and fair dealing, DTPA violations, and fraud; he also sought attorney's fees.  In his breach of contract claim, Bock alleged that State Farm refused to pay him "reasonable benefits under [his] policy as it is contractually required to do."

Bock settled his claims against the other driver for the driver's policy limits of $100,000.00, but he tried his UIM benefits claim against State Farm to a jury.  The jury found the other driver negligent and Bock's damages at $98,343.00.

In its August 28, 2019 judgment, the trial court awarded Bock damages in accordance with the verdict, and prejudgment interest of $3,082.16.  After applying the offset credit from the other driver's insurance policy, the trial court ordered that State Farm pay Bock $1,425.16, or the remaining available underinsured policy monies, whichever was less.[2]

On December 31, 2019, State Farm paid Bock the full amount from the trial court's judgment plus 18% interest for a period of seventy-five days.  *See* TEX. INS. CODE ANN. § 542.060(a).

---

[1] Cause number 2017-CI-19802.

[2] Initially, State Farm appealed the final judgment.  But before the briefs were filed, it moved to dismiss its appeal. The appeal was dismissed.  *State Farm Cnty. Mut. Ins. Co. of Tex. v. Bock*, No. 04-19-00661-CV, 2020 WL 1442659, at *1 (Tex. App.—San Antonio Mar. 25, 2020, no pet.) (mem. op.).

**B.     Extra-Contractual Case**[3]

Before the automobile accident case went to trial, State Farm moved to sever Bock's numerous extra-contractual claims—which included unfair insurance practices, breach of duty of good faith and fair dealing, violations of the Texas Deceptive Trade Practices Act, violations of the Texas Insurance Code, fraud, negligence, and gross negligence.  The trial court granted State Farm's motion: it severed those claims into the extra-contractual case, which was abated until the automobile accident case was concluded.

In July 2020, after the final judgment in the automobile accident case, State Farm moved for summary judgment in the extra-contractual case against all of Bock's claims, including his claim for attorney's fees, on traditional and no-evidence grounds.  State Farm asserted that Bock had produced no evidence of his reasonable and necessary attorney's fees associated with its late payment of Bock's UIM claim.

Bock moved to compel discovery from State Farm, and he moved for a continuance on State Farm's no-evidence motion.

Nine days after a hearing on the parties' motions, on August 12, 2020, the trial court signed an order which denied Bock's motions and granted State Farm's traditional and no-evidence motions in full.  The order states that it "is a final and appealable judgment."  However, the court clerk did not give notice of the judgment to any of the parties.  *Contra* TEX. R. CIV. P. 306a.3; *Caldwell v. Barnes*, 975 S.W.2d 535, 536 (Tex. 1998).

**C.     Bill of Review Case**[4]

On January 28, 2021, Bock filed a petition for bill of review.  His petition alleged that, in the extra-contractual case, the court's clerk did not give him notice of the trial court's order.  In

---

[3] Cause number 2018-CI-00203.
[4] Cause number 2021-CI-01786.

his second amended petition for bill of review, he asked the bill of review court to set aside the August 12, 2020 final judgment in the extra-contractual case and put him in the position he would have been in if he had timely received notice of the order. He also prayed for the relief he sought in the extra-contractual case.

Bock's petition for bill of review was tried to the bench. The trial court found that Bock had one or more meritorious grounds of appeal, and his petition satisfied the other essential elements for a bill of review. In its November 9, 2021 order, the trial court granted Bock's petition: it set aside its August 12, 2020 final judgment in the extra-contractual case. Without holding any more hearings or receiving any additional evidence, the trial court reinstated its former judgment in the extra-contractual case. It ordered that Bock was "now in the position he would have been in had he timely received notice of the final judgment entered in Cause Number 2018-CI-00203 on August 12, 2020."

Bock timely filed a motion for new trial, which was overruled by operation of law.

**D.      Bock's Appeal**

Bock also timely filed a notice of appeal. In it, he does not challenge the portion of the trial court's order that granted his petition for bill of review, but he "seeks to appeal all parts of the trial court's Bill of Review judgment dated November 9, 2021, which adopted the original judgment granted in Cause No. 2018 CI 00203 as part of its final judgment in this cause."

In his brief, Bock presents three issues addressing the trial court's decisions in the extra-contractual case. First, the trial court erred by granting summary judgment for State Farm against his statutorily authorized attorney's fees. Second, the trial court erred by granting summary judgment for State Farm against his UIM coverage breach of contract claim because the claim did not accrue until after the automobile accident case judgment was rendered. Third, the trial court abused its discretion by denying Bock's motion for continuance to conduct additional discovery.

**PORTION OF JUDGMENT TO BE REVIEWED**

In its November 9, 2021 "Final Judgment on Plaintiff's Bill of Review," the trial court found that Bock had "one or more meritorious grounds of appeal," and it granted his petition for bill of review. *See Eastin v. Dial*, 288 S.W.3d 491, 497–98 (Tex. App.—San Antonio 2009, pet. denied) (citing *Petro-Chem. Transp., Inc. v. Carroll*, 514 S.W.2d 240, 244 (Tex. 1974)); *Thompson v. Ballard*, 149 S.W.3d 161, 164 (Tex. App.—Tyler 2004, no pet.).

Bock did not appeal the portion of the final judgment that granted his petition for bill of review, and we do not review that portion. *See* TEX. R. APP. P. 38.1(i); *Day v. Fed'n of State Med. Bds. of the U.S.*, 579 S.W.3d 810, 826 (Tex. App.—San Antonio 2019, pet. denied) (citing *Lowry v. Tarbox*, 537 S.W.3d 599, 619–20 (Tex. App.—San Antonio 2017, pet. denied)).

Instead, we review the portion of the bill of review final judgment that reinstated the summary judgment order in the extra-contractual case; that order granted State Farm's motion for summary judgment on traditional and no-evidence grounds. *See Eastin*, 288 S.W.3d at 498.

**SUMMARY JUDGMENT STANDARD OF REVIEW**

"If a party moves for summary judgment on both traditional and no-evidence grounds, . . . we first consider the no-evidence motion." *Lightning Oil Co. v. Anadarko E&P Onshore, LLC*, 520 S.W.3d 39, 45 (Tex. 2017) (citing *Ford Motor Co. v. Ridgway*, 135 S.W.3d 598, 600 (Tex. 2004)).

"A party may move for summary judgment, after adequate time for discovery, 'on the ground that there is no evidence of one or more essential elements of a claim or defense on which an adverse party would have the burden of proof at trial.'" *Helena Chem. Co. v. Cox*, 664 S.W.3d 66, 72 (Tex. 2023) (quoting TEX. R. CIV. P. 166a(i)).

We review a no-evidence summary judgment de novo using a legal sufficiency standard. *King Ranch, Inc. v. Chapman*, 118 S.W.3d 742, 750–51 (Tex. 2003); *see also* TEX. R. CIV. P.

166a(i). "When reviewing a summary judgment, we take as true all evidence favorable to the nonmovant, and we indulge every reasonable inference and resolve any doubts in the nonmovant's favor." *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 157 (Tex. 2004); *accord Helena Chem. Co.*, 664 S.W.3d at 73.

If the nonmovant fails to produce some evidence on a challenged essential element of a claim, "[t]he court *must* grant the motion" with respect to that claim. TEX. R. CIV. P. 166a(i) (emphasis added); *Helena Chem. Co.*, 664 S.W.3d at 72; *Boerjan v. Rodriguez*, 436 S.W.3d 307, 310 (Tex. 2014). And for that claim, we need not determine whether the movant met the requirements for its traditional motion. *Lightning Oil*, 520 S.W.3d at 45; *Ridgway*, 135 S.W.3d at 600.

## ISSUES ON APPEAL

The trial court granted State Farm's motion for summary judgment against all of Bock's claims. On appeal, Bock presents arguments and authorities to reverse the trial court's judgment on only his breach of contract and bad faith claims.

We conclude that Bock has abandoned his unbriefed claims. *See Bolling v. Farmers Branch Indep. Sch. Dist.*, 315 S.W.3d 893, 895 (Tex. App.—Dallas 2010, no pet.) (noting that the appellate "rules require appellants to state concisely the complaint they may have, provide understandable, succinct, and clear argument for why their complaint has merit in fact and in law, and cite and apply law that is applicable to the complaint being made along with record references that are appropriate"); *Canton-Carter v. Baylor Coll. of Med.*, 271 S.W.3d 928, 931 (Tex. App.—Houston [14th Dist.] 2008, no pet.) ("Failure to cite legal authority or to provide substantive analysis of the legal issues presented results in waiver of the complaint.").

Accordingly, we do not consider them as grounds for reversing the trial court's summary judgment. *See Bolling*, 315 S.W.3d at 895; *Canton-Carter*, 271 S.W.3d at 931.

**STATUTORY ATTORNEY'S FEES**

In his first issue, Bock argues the trial court erred when it granted State Farm's motion for summary judgment against his claim for statutorily authorized attorney's fees.

**A.      Parties' Arguments**

Bock acknowledges that State Farm paid him the judicially determined damages ($1,425.16) and the statutorily required postjudgment interest, but he insists that State Farm did not pay him his attorney's fees.  He contends that State Farm was required to pay his attorney's fees under two separate statutes: section 38.001 of the Civil Practice and Remedies Code, and sections 542.058 and 542.060 of the Insurance Code.

Bock admits that he did not submit evidence of his attorney's fees in the extra-contractual case, but he maintains that the attorneys' affidavits filed in his bill of review case were legally and factually sufficient evidence that the trial court should have considered in the extra-contractual case.

State Farm argues that the trial court's summary judgment against Bock's attorney's fees was proper because it moved for summary judgment on no-evidence grounds, Bock did not produce any evidence of his attorney's fees in the extra-contractual case, and no law authorizes recovery of attorney's fees in his bill of review case.

**B.      Statutes on Attorney's Fees**

"In Texas, attorney's fees may not be recovered from an opposing party unless such recovery is provided for by statute or by contract between the parties." *Travelers Indem. Co. of Conn. v. Mayfield*, 923 S.W.2d 590, 593 (Tex. 1996); *accord Sunchase IV Homeowners Ass'n, Inc. v. Atkinson*, 643 S.W.3d 420, 422 (Tex. 2022) (per curiam).

By statute, "Chapter 38 of the Civil Practice & Remedies Code permits an insured to recover attorney's fees incurred in a successful breach of contract suit against the insurer *unless*

the insurer is liable for the fees under a different statutory scheme." *Brainard v. Trinity Universal Ins. Co.*, 216 S.W.3d 809, 817 (Tex. 2006) (emphasis added) (citing *Grapevine Excavation, Inc. v. Md. Lloyds*, 35 S.W.3d 1, 5 (Tex. 2000)).

Under Insurance Code section 542.058, an insurer that delays payment of a claim for more than sixty days must pay the insured "damages and other items as provided by Section 542.060," which includes attorney's fees. TEX. INS. CODE ANN. § 542.058(a); *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812, 819 (Tex. 2019) (citing TEX. INS. CODE ANN. §§ 542.058, .060). Accordingly, Bock may not pursue a claim for attorney's fees for breach of contract under Chapter 38 of the Civil Practice and Remedies Code. *See Brainard*, 216 S.W.3d at 817 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 38.006); *Grapevine Excavation*, 35 S.W.3d at 5.

However, because State Farm delayed payment of Bock's UIM claim for more than sixty days, sections 542.058 and 542.060 authorize Bock to pursue a claim for attorney's fees. *See* TEX. INS. CODE ANN. §§ 542.058, .060; *Barbara Techs.*, 589 S.W.3d at 812, 819.

## C.     Evidence of Attorney's Fees

Bock admits he did not submit evidence of his reasonable and necessary attorney's fees in the extra-contractual case. Nevertheless, he argues the attorney's fees affidavits the bill of review court admitted are sufficient evidence of his fees in the extra-contractual case.

We disagree.

To begin, "a bill of review is a separate proceeding from the underlying suit." *Ross v. Nat'l Ctr. for the Emp. of the Disabled*, 197 S.W.3d 795, 798 (Tex. 2006) (per curiam) (citing *Caldwell*, 154 S.W.3d at 98). Bock presents no authorities to support his argument, and the separate nature of a bill of review proceeding cuts against his position. *Cf. id.* (reversing the court of appeals because it "did not explain why the trial court could sanction [a party] in [the bill of review] proceeding for misconduct in another [proceeding]").

When the trial court granted Bock's petition for bill of review, its judgment expressly ordered that Bock was "now in the position he would have been in had he timely received notice of the final judgment entered in [the extra-contractual case]."

In reviewing the reinstated summary judgment, we are limited to reviewing the evidence in the record as it existed when the trial court initially granted the summary judgment on August 12, 2020. *See Eastin v. Dial*, 288 S.W.3d 491, 498 (Tex. App.—San Antonio 2009, pet. denied) ("[W]e are limited to a review of what would have been the appellate record if Eastin had appealed the underlying judgment."); *see also Young v. Gumfory*, 322 S.W.3d 731, 738 (Tex. App.—Dallas 2010, no pet.) (recognizing that when reviewing a summary judgment, "the scope of our review is limited to the summary judgment record upon which the trial court's ruling was based").

In its no-evidence motion, State Farm expressly asserted that Bock had presented no evidence of any reasonable and necessary attorney's fees for his section 542.058 claim.

In his response, Bock argued that he was entitled to attorney's fees because State Farm delayed its payment, but Bock did not provide any evidence of his attorney's fees.

### D.    No-Evidence Motion

Given State Farm's admittedly delayed payment, section 542.058 required State Farm to pay Bock's damages, postjudgment interest, and attorney's fees. *See* TEX. INS. CODE ANN. § 542.058(a) (invoking section 542.060); *Barbara Techs.*, 589 S.W.3d at 819.

But in response to State Farm's no-evidence challenge to his attorney's fees, Bock failed to produce some evidence of his reasonable and necessary attorney's fees. *See Helena Chem. Co.*, 664 S.W.3d at 72 ("The court must grant . . . a 'no-evidence' motion unless the non-moving party responds with 'evidence raising a genuine issue of material fact.'" (quoting TEX. R. CIV. P. 166a(i))). Thus, the trial court was *required* to grant State Farm's no-evidence motion against

Bock's claim for attorney's fees. *See* TEX. R. CIV. P. 166a(i); *Helena Chem. Co.*, 664 S.W.3d at 72; *Boerjan*, 436 S.W.3d at 310.

We overrule Bock's first issue.

## BREACH OF CONTRACT CLAIM

In his second issue, Bock contends State Farm breached its contract by failing to timely pay his UIM claim,[5] and the trial court erred by granting summary judgment against his breach of contract claim. He argues that, under *Brainard*, his UIM claim did not accrue until after the automobile accident case judgment was rendered.

### A. Applicable Law

"[T]he UIM insurer is under no contractual duty to pay benefits until the insured obtains a judgment establishing the liability and underinsured status of the other motorist." *Brainard*, 216 S.W.3d at 818. Accordingly, "the insurer's contractual obligation to pay benefits does not arise until liability and damages are determined." *Id.*; *accord State Farm Mut. Auto. Ass'n v. Cook*, 591 S.W.3d 677, 684 (Tex. App.—San Antonio 2019, no pet.) ("In the UM/UIM context, . . . an insurer's liability does not arise until the date a trial court enters a final judgment establishing the liability and uninsured status of the other motorist.").

### B. UIM Claim Accrual Date

In his second amended petition in the extra-contractual case, Bock claimed State Farm breached its contract with him "through the failure to pay for the entirety of **BOCK'S** covered losses arising out of the automobile accident with [the other driver]." Bock's policy included UIM coverage, and we agree that his UIM claim did not accrue "until the trial court sign[ed the

---

[5] "A breach of contract claim, however, is distinct and independent from a claim that an insurer violated the Insurance Code." *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 825 (Tex. 2019).

automobile accident] judgment establishing the negligence and underinsured status of the other motorist." *See Brainard*, 216 S.W.3d at 818; *Cook*, 591 S.W.3d at 684.

**C.     No Reversible Error**

However, Bock has not shown how the trial court's decision was reversible error. *See* TEX. R. APP. P. 44.1(a)(1); *Provident Life & Acc. Ins. Co. v. Knott*, 128 S.W.3d 211, 216 (Tex. 2003) (recognizing that, if "the trial court's order does not specify the grounds for its summary judgment, we must affirm the summary judgment if any of the theories presented to the trial court and preserved for appellate review are meritorious").

Bock does not dispute that State Farm paid him the damages and postjudgment interest it owed him; the only amount in dispute is his claim for attorney's fees. But we have already determined that Bock could recover attorney's fees only under Subchapter B of Chapter 542. *See Brainard*, 216 S.W.3d at 817 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 38.006). And the trial court properly granted summary judgment against Bock's Subchapter B attorney's fees claim because he produced no evidence of his reasonable and necessary attorney's fees. *See* TEX. R. CIV. P. 166a(i); *Helena Chem. Co.*, 664 S.W.3d at 72. Thus, even if the trial court improperly granted summary judgment against Bock's breach of contract claim on the mistaken belief that the claim had already been decided in the automobile accident case, Bock was not entitled to the only relief he sought for his UIM breach of contract claim. *See Brainard*, 216 S.W.3d at 817 (citing TEX. CIV. PRAC. & REM. CODE ANN. § 38.006).

Bock has failed to show how the trial court's summary judgment against his breach of contract claim was reversible error. *See* TEX. R. APP. P. 44.1(a)(1); *Knott*, 128 S.W.3d at 216.

We overrule Bock's second issue.

**MOTION FOR CONTINUANCE TO OBTAIN DISCOVERY**

In his third issue, Bock argues the trial court abused its discretion by denying his motion for continuance to conduct additional discovery on his bad faith claim.

**A.        Parties' Arguments**

In the extra-contractual case, Bock initially claimed that State Farm breached its duty of good faith and fair dealing by (1) denying his underinsured motorist claim without any reasonable basis, (2) failing to conduct a reasonable investigation of his claims, (3) failing to effect prompt resolution of his claim, (4) failing to pay the proper amounts on his entire claim without any reasonable basis, (5) unreasonably delaying payment of his claim, and (6) wholly failing to pay him an adequate amount as related to his bodily injuries.

He now argues that the trial court's denial of his motion for continuance to obtain additional discovery prevented him from developing his bad faith claim.

State Farm argues that Bock had adequate time for discovery, the discovery he sought was not needed to respond to its no-evidence grounds, and the discovery he sought was not discoverable because it was protected by attorney-client and work-product privileges.

**B.        Standard of Review**

We review a trial court's order denying a motion for continuance for an abuse of discretion. *Joe v. Two Thirty Nine Joint Venture*, 145 S.W.3d 150, 161 (Tex. 2004) (citing *BMC Software Belg., N.V. v. Marchand,* 83 S.W.3d 789, 800 (Tex. 2002)).

"A trial court does not abuse its discretion if it applies the law correctly and some evidence reasonably supports its ruling." *Washington v. Associated Builders & Contractors of S. Tex. Inc.*, 621 S.W.3d 305, 311 (Tex. App.—San Antonio 2021, no pet.); *accord Furr's Supermarkets, Inc. v. Bethune*, 53 S.W.3d 375, 379 (Tex. 2001).

In reviewing the denial of a motion for continuance seeking additional time to conduct discovery, we may consider various factors including "the length of time the case has been on file, the materiality and purpose of the discovery sought, and whether the party seeking the continuance has exercised due diligence to obtain the discovery sought." *Joe*, 145 S.W.3d at 161; *accord Draker v. Schreiber*, 271 S.W.3d 318, 325 (Tex. App.—San Antonio 2008, no pet.).

## C.      Additional Background

In January 2018, Bock's extra-contractual claims, including his claim that State Farm breached its duty of good faith and fair dealing, were severed, and the extra-contractual case was abated pending resolution of the automobile accident case.

The automobile accident judgment was signed on August 28, 2019, and State Farm paid the judgment amount plus postjudgment interest on December 31, 2019.

On January 2, 2020, the extra-contractual case was set on the dismissal docket. In February, Bock's case was dismissed for want of prosecution, but it was reinstated in May. Thereafter, State Farm moved for summary judgment against all of Bock's claims. Bock twice amended his petition, and State Farm amended its motion for summary judgment.

Bock moved to compel discovery from State Farm, and he moved for a continuance on State Farm's no-evidence motion. Bock's July 21, 2020 motion for continuance asked the trial court to either continue State Farm's second amended motion for summary judgment, or dismiss it as premature, because the case was "in its infancy."

On August 3, 2020, the trial court heard all three motions, and on August 12, 2020, its order granted State Farm's motion for summary judgment and denied Bock's motions.

## D.      Discussion

To determine whether the trial court abused its discretion in denying Bock's motion for continuance to obtain additional discovery on his bad faith claim, we consider whether the trial

court applied the law correctly and whether some evidence reasonably supports its ruling. *See Bethune*, 53 S.W.3d at 379; *Washington*, 621 S.W.3d at 311.

### 1.    Time for Discovery

We begin with "the length of time the case has been on file." *See Joe*, 145 S.W.3d at 161. Bock first claimed State Farm had breached its duty of good faith and fair dealing in 2017; in the automobile accident case, he complained that State Farm was acting in bad faith by, inter alia, failing to promptly resolve his claim.

State Farm twice offered to settle with Bock for $2,000, but he took his UIM claim to trial.

After the automobile accident case judgment was signed on August 28, 2019, the abatement in the extra-contractual case expired. To avoid the damages and fees imposed for a late payment, State Farm's payment to Bock for the automobile accident judgment amount was due on October 28, 2019. *See* TEX. INS. CODE ANN. § 542.058 (imposing damages and fees for a claim payment delayed by more than sixty days); *Barbara Techs. Corp. v. State Farm Lloyds*, 589 S.W.3d 806, 812, 819 (Tex. 2019).

On the due date, with the judgment not paid, Bock knew State Farm's payment was late.

In the then-reinstated extra-contractual case, Bock served his request for production and interrogatories on State Farm on November 26, 2019.

After the case was dismissed for want of prosecution in February and reinstated in May, on July 7, 2020, State Farm filed its second amended motion for summary judgment on traditional and no-evidence grounds. State Farm's motion was filed more than eight months after Bock knew State Farm's payment was late.[6] *Cf. Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336,

---

[6] The extra-contractual case discovery level was 3. *See* TEX. R. CIV. P. 190.4. The case summary shows a docket control order on June 19, 2020, but Bock does not point us to that order, and we have not found it in the appellate record. Bock does not assert that State Farm filed its no-evidence motion before the discovery period ended. Even so, if the trial court concluded that there were no fact issues that needed additional discovery, it could have granted

339–40 (Tex. App.—Dallas 2002, no pet.) (affirming a summary judgment on no-evidence grounds when the case had been pending for seven months before the motion was filed).

### 2. Materiality, Purpose of Discovery Sought

In his motion to compel, Bock sought State Farm's entire, unredacted case file to support his bad faith claim. Bock's motion for continuance cited his motion to compel and asked for more time to develop evidence, particularly for his bad faith claim.

State Farm offered to share its case file information before the date that Bock sued, but it asserted work-product and attorney-client privileges for its file contents after the date of Bock's original petition. *Cf. In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d 794, 808 (Tex. 2017) (noting that "relevant evidence that is privileged is not discoverable").

### 3. Bock's Diligence

After the automobile accident judgment was signed on August 28, 2019, the extra-contractual case abatement ended.

But on January 2, 2020, the trial court's order set the case for dismissal for Bock's want of prosecution. On February 4, 2020, the case was dismissed for want of prosecution. *Cf. WMC Mortg. Corp. v. Starkey*, 200 S.W.3d 749, 752 (Tex. App.—Dallas 2006, pet. denied) (linking lack of diligence with dismissal for want of prosecution); *Polk v. Sw. Crossing Homeowners Ass'n*, 165 S.W.3d 89, 97 (Tex. App.—Houston [14th Dist.] 2005, pet. denied) (same). About one month later, Bock moved to reinstate the case. In May 2020, his motion was granted, and his case was reinstated.

---

State Farm's motion before the discovery period ended. *See Nat'l Union Fire Ins. Co. of Pittsburgh, PA v. CBI Indus., Inc.*, 907 S.W.2d 517, 522 (Tex. 1995); *Rest. Teams Int'l, Inc. v. MG Sec. Corp.*, 95 S.W.3d 336, 339, 342 (Tex. App.—Dallas 2002, no pet.).

On July 2, 2020, Bock noticed his intent to depose some State Farm personnel, and on July 7, 2020, he filed his motion to compel production. The trial court's August 12, 2020 order granted State Farm's motion for summary judgment and denied Bock's motions to compel production and for continuance.

### 4. No Abuse of Discretion

Having reviewed the applicable law and the evidence pertaining to the trial court's denial of Bock's motion for continuance, we conclude that the trial court applied the law correctly and some evidence reasonably supports its ruling. *See Washington*, 621 S.W.3d at 311; *see also Bethune*, 53 S.W.3d at 379.

The record shows Bock had more than eight months from the time State Farm's payment was late until State Farm filed its second amended motion for summary judgment. *See Joe*, 145 S.W.3d at 161 (length of time); *cf. Rest. Teams Int'l*, 95 S.W.3d at 339–40. The additional evidence Bock sought may have been material, but the trial court could have found that it was not discoverable. *See Joe*, 145 S.W.3d at 161 (materiality, purpose of discovery); *cf. In re Nat'l Lloyds Ins. Co.*, 532 S.W.3d at 808. And the trial court could have reasonably concluded that Bock's allowing the case to be dismissed for want of prosecution and his delay in seeking discovery showed he did not exercise due diligence to get the information he sought. *See Joe*, 145 S.W.3d at 161 (diligence required), *Polk*, 165 S.W.3d at 97.

We overrule Bock's third issue.

### CONCLUSION

Having overruled each of Bock's issues, we affirm the trial court's bill of review judgment—which reinstated the extra-contractual case judgment.

Patricia O. Alvarez, Justice