Wanda M. **GIBSON**, Appellant,

v.

**PARK CITIES FORD, LTD.**, Appellee.

No. 05–04–01831–CV.

Court of Appeals of Texas, Dallas.

Oct. 26, 2005.

---

James H. Owen, Athens, TX, for appellant.

Kevin Wayne Vance, James D. Blume, Blume & Stoddard, Dallas, TX, for appellee.

Before Justices MORRIS, WRIGHT, and RICHTER.

OPINION

Opinion by Justice MORRIS.

This is a dispute arising out of Wanda M. Gibson's purchase of a new car from Park Cities Ford, Ltd. Gibson sued Park Cities Ford complaining of certain itemized charges on her retail installment contract. The trial court granted a take-nothing summary judgment in favor of Park Cities Ford. Because we conclude Park Cities Ford did not conclusively establish its entitlement to summary judgment, we reverse the trial court's judgment and remand this case to the trial court for further proceedings.

In her live pleading, Gibson alleged Park Cities Ford misrepresented the nature of a $36.03 charge by identifying it as a "vehicle inventory tax." She claims this designation improperly suggested she personally owed the tax to public officials as a result of her vehicle purchase. Gibson further alleged the installment contract included misrepresentations and unauthorized charges related to an extended warranty. She asserted claims for fraud and violations of the Texas Finance Code and the Texas Deceptive Trade Practices Act (DTPA). Park Cities Ford moved for and was granted a take-nothing summary judgment on all of Gibson's claims. This appeal ensued.

We review a summary judgment de novo to determine whether the movant's right to prevail is established as a matter of law. *Dickey v. Club Corp. of Am.*, 12 S.W.3d 172, 175 (Tex.App.-Dallas 2000, pet. denied). Where, as here, a defendant moves for summary judgment, it must either disprove at least one element of each of the plaintiff's theories of recovery or plead and conclusively establish each essential element of an affirmative defense. *See City of Houston v. Clear Creek Basin Auth.*, 589 S.W.2d 671, 678 (Tex.1979).

Before addressing the merits of this appeal, we first must clarify which of Park Cities Ford's motions for summary judgment we are reviewing. After filing its

original motion for summary judgment, Park Cities Ford filed a supplemental summary judgment motion asserting: (1) Gibson's DTPA claims were barred by limitations, (2) there was no evidence that Park Cities Ford made any false or misleading representations to support her fraud claims, and (3) there was no evidence to support her claims under the finance code that Park Cities Ford failed to make accurate and timely disclosure of the finance terms of the transaction.[1] The record contains no written order on Park Cities Ford's original or supplemental motion for summary judgment. Moreover, the docket sheet is silent with respect to the trial court's ruling on these motions.

■ Park Cities Ford then filed its amended summary judgment motion, which did not include any of the grounds asserted in the previous motions. The trial court's final judgment references only Park Cities Ford's amended motion for summary judgment and is silent with respect to its earlier summary judgment motions. An amended motion for summary judgment supercedes and supplants the previous motion, which may no longer be considered. *Dallas Ind. Sch. Dist. v. Finlan,* 27 S.W.3d 220, 231 (Tex.App.-Dallas 2000, pet. denied). Thus, our discussion is limited to those grounds presented in Park Cities Ford's amended motion for summary judgment.[2]

■ In its amended summary judgment motion, Park Cities Ford asserted it was entitled to judgment because the evidence conclusively established it paid Fidelity Insurance for Gibson's extended warranty, which she actually used five times, and Park Cities Ford paid the county tax collector the $36.03 dealer inventory tax it charged Gibson. The motion also asserted the Texas Finance Code and the Texas Administrative Code authorized the $36.03 charge on the installment contract for the dealer inventory tax. Park Cities Ford's motion did not specify which elements of Gibson's causes of action were negated by this evidence. It appears, however, that the summary judgment was based on Park Cities Ford's assumption that all of Gibson's claims were based on the theories that Park Cities Ford never paid Fidelity Warranty for the extended warranty and improperly charged Gibson a dealer inventory tax. We do not agree with Park Cities Ford's narrow interpretation of Gibson's claims.

■ Gibson's complaint about the "vehicle inventory tax" does not hinge on whether Park Cities Ford actually paid out the $36.03 it charged Gibson, but whether the nature of this tax charge was properly represented on the installment sales contract. Moreover, Park Cities Ford's argument that it was authorized to charge Gibson a $36.03 dealer inventory tax does not address Gibson's complaint that the charge was not identified as a dealer inventory tax. Likewise, Gibson's allegations with respect to the extended warranty charge included a complaint that the $2,311 extended warranty charge contained an unauthorized amount of $541 for an "Optional Car Care Service Plan." Gibson provided affidavit evidence that Park Cities Ford forged her signature on a portion of the extended service contract to support the additional $541 charge for her extended warranty. On appeal, Park Cities Ford argues the forgery evidence is irrelevant because her claims are not based on for-

---

1. Park Cities' original motion asserted all of the above grounds but did not restrict its limitations defense to Gibson's DTPA claims.

2. Thus, we do not address Gibson's complaint that the trial court erred in granting summary judgment on her DTPA claims based on limitations.

gery but fraud. Gibson's pleadings, however, specifically complain about the unauthorized extended warranty charges and related forgery. Park Cities Ford did not specially except to Gibson's pleadings. In the absence of special exceptions, we construe the pleadings liberally in favor of the pleader. *Boyattia v. Hinojosa,* 18 S.W.3d 729, 733 (Tex.App.-Dallas 2000, pet. denied). Because Park Cities Ford failed to negate an essential element of each of Gibson's claims or failed to establish conclusively each element of an affirmative defense, the trial court erred in granting a take-nothing summary judgment against Gibson. *See City of Houston,* 589 S.W.2d at 678. In light of our conclusion, we deny Park Cities Ford's request that we sanction Gibson for filing a frivolous appeal.

We reverse the trial court's judgment and remand this case to the trial court for further proceedings.