

# Fourth Court of Appeals
## San Antonio, Texas

## MEMORANDUM OPINION

No. 04-20-00583-CV

Kevin **DOTY** and Elizabeth Doty,
Appellants

v.

Richard **DAVIDSON** and Javline Ranch (a General Partnership), a/k/a Javelin Ranch, a/k/a
Javelin Ranch, LP,
Appellees

From the 229th Judicial District Court, Jim Hogg County, Texas
Trial Court No. CC-15-100
Honorable Leonel Alejandro, Judge Presiding

Opinion by:     Rebeca C. Martinez, Chief Justice

Sitting:        Rebeca C. Martinez, Chief Justice
                Patricia O. Alvarez, Justice
                Liza A. Rodriguez, Justice

Delivered and Filed: June  29, 2022

AFFIRMED IN PART; REVERSED AND REMANDED IN PART

Kevin and Elizabeth Doty appeal the trial court's grant of Richard Davidson and Javelin

Ranch, LP's[1] motion for summary judgment and denial of the Dotys' motion for summary

judgment.  For the reasons stated in this opinion, we affirm in part and reverse and remand in part.

---

[1] The full name of the party is Javline Ranch (a General Partnership), a/k/a Javelin Ranch, a/k/a Javelin Ranch, LP. We refer to Davidson and Javelin Ranch, LP collectively as appellees.

## BACKGROUND

On February 16, 2012, Davidson filed suit against Kevin Doty alleging that in March or April of 2002, Davidson and Kevin agreed to purchase certain property in Jim Hogg County ("the Ranch"). Davidson asserted that the parties discussed creating a partnership, under which both Davidson and Kevin would contribute half of the expenses associated with the Ranch. Davidson also asserted that in April 2009, Davidson sought to sell his 50% interest in the Ranch, but Kevin prohibited him from doing so. In this original petition, Davidson requested a declaratory judgment that he had an undivided one-half interest in the Ranch, he is entitled to sell his undivided one-half interest in the Ranch without Kevin's approval, and Kevin is required to execute any and all documents necessary to effect a sale of Davidson's declared interest in the Ranch. Kevin answered, denying the allegations and asserting the lawsuit lacked a necessary party because any suit involving a partnership should include the partnership as a party.

Davidson subsequently amended his petition in May 2015, adding Elizabeth Doty as a defendant along with a request for a partition of the Ranch. Kevin filed a first amended original answer. Elizabeth filed an original answer, alleging that Davidson lacked the requisite standing to bring suit, that Davidson is not entitled to recover in the capacity in which he sues, and that the Dotys are not liable in the capacity in which they are sued. The Dotys's pleadings also deny that there is any instrument in writing indicating that Davidson has a secured interest in the Ranch, and the pleadings state numerous affirmative defenses, including the defense of limitations, laches, and the statute of frauds.

In June 2015, Davidson filed a second amended petition, with the same allegations as the previous petitions, but adding a suit to quiet title, alleging that the Ranch was recorded under the Dotys's names despite an agreement between the parties that the Ranch would be purchased by and belonged to Javelin Ranch, LP. Davidson alleged that the Dotys's names on the recorded title

created a cloud on Javelin Ranch, LP's title on the Ranch, and Davidson sought to remove the cloud.

In July 2016, Davidson filed a third amended petition, adding Javelin Ranch, LP as a plaintiff to the suit. In this petition, appellees changed their requests for declaratory relief. The third amended petition requests a declaratory judgment that the partnership (i.e., Javelin Ranch, LP) between Davidson and Kevin is the owner of the Ranch; the partnership is an equal partnership, wherein Davidson and Kevin each own fifty percent; Davidson, as an owner and partner, is entitled to sell his undivided one-half interest in the partnership to a willing buyer without Kevin's approval, and that the Dotys are required to execute any and all documents necessary to effect a sale of Davidson's declared interest in the partnership. Appellees alleged, with their request for a partition, that the partnership between Davidson and the Dotys is the sole owner of the Ranch and, alternatively, that Davidson and the Dotys are the owners.

On September 9, 2016, the Dotys filed a motion for summary judgment based upon the statute of limitations and standing/capacity, asserting that appellees' claims are barred by the statute of limitations as a matter of law and that Davidson lacks both standing and capacity to sue.[2] On September 26, 2016, appellees filed a fifth amended petition, adding claims for breach of contract and fraud.

In June 2017, appellees filed a motion for summary judgment concerning ownership of the Ranch, asserting that they are entitled to judgment as a matter of law because Javelin Ranch, LP

---

[2] The Dotys filed their original motion for summary judgment based upon the statute of limitations on September 6, 2016, a first amended version of the motion on September 8, 2016, and a second amended version on September 9, 2016. Our discussion is limited to those grounds presented in the Dotys's second amended motion for summary judgment. *See Gibson v. Park Cities Ford, Ltd.*, 174 S.W.3d 930, 932 (Tex. App.—Dallas 2005, no pet.) ("An amended motion for summary judgment supercedes and supplants the previous motion, which may no longer be considered.").

owns the Ranch.[3]  The trial court held a hearing on this motion on November 8, 2018.  On November 21, 2018, the trial court granted appellees' motion for summary judgment.[4]  The trial court declared that the Ranch "was bought with partnership funds and full title should vest in the partnership known as Javelin Ranch[, LP]"; it ordered Davidson and the Dotys to "execute a warranty deed conveying their interests to Javelin Ranch[, LP]"; and it ordered that "all deeds of trust or interests which cloud the title to the [Ranch shall be] stricken and held for naught."

On November 6, 2020, the trial court denied the Dotys's motion for summary judgment based upon the statute of limitations and standing/capacity.  On the same day, the trial court entered an order of severance, ordering that 1) the claims and causes of action adjudicated by the trial court in its order granting appellees' motion for summary judgment regarding ownership of the Ranch and 2) the claims and causes of action raised in the Dotys's motion for summary judgment based upon the statute of limitations and standing/capacity be severed from the remaining claims pending in the lawsuit.

The Dotys appealed the trial court's orders granting appellees' motion for summary judgment and denying their motion for summary judgment based upon the statute of limitations and standing/capacity.

### SEVERED CLAIMS

We first determine which claims are at issue in this appeal following severance.  After signing the appealed orders, the trial court entered an order of severance, ordering that 1) the claims

---

[3] Appellees filed their original motion for summary judgment concerning ownership of the Ranch on December 13, 2016 and they filed their amended motion on June 6, 2017.  On appeal, we consider the grounds listed in the amended motion.  *See id.*

[4] The order does not specify which motion the trial court granted.  However, the order of severance provides that the order severed, and now appealed, is the order "granting Plaintiffs Amended Motion for Summary Judgment (filed June 6, 2017)."  The motion for summary judgment filed on this day is appellees' Amended Motion for Summary Judgment Concerning Ownership of Javelin Ranch.  Therefore, we construe the order as granting this motion for summary judgment.

and causes of action adjudicated by the trial court in its order granting appellees' motion for summary judgment regarding ownership of the Ranch and 2) the claims and causes of action raised in the Dotys's motion for summary judgment based upon the statute of limitations and standing/capacity be severed from the remaining claims pending in the lawsuit.

The trial court's order granting appellees' motion for summary judgment regarding ownership of the Ranch disposed of appellees' declaratory judgment claims and suit to quiet title; these were the only causes of action addressed in appellees' motion for summary judgment. In the Dotys's motion for summary judgment based upon the statute of limitations and standing/capacity, they argued that all of appellees' claims were barred under the statute of limitations. However, when the Dotys filed their motion for summary judgment, the only causes of action on file were appellees' declaratory judgment claims, suit to quiet title, and request for a partition.[5] Therefore, the severed claims that we examine in this appeal are appellees': 1) declaratory judgment claims;[6] 2) suit to quiet title; and 3) request for a partition. In light of these claims, we first examine the trial court's order denying the Dotys's motion for summary judgment based on the statute of limitations and standing/capacity and then examine the trial court's order granting appellees' motion for summary judgment concerning ownership of the Ranch.

---

[5] When the Dotys filed their second amended motion for summary judgment, which is the motion we consider, *see supra* note 2, appellees' live pleading was their fourth amended petition. Subsequent to the submission of the motion but before the court's ruling, appellees filed a fifth amended petition, which added causes of action for breach of contract and fraud, and then later a sixth amended petition. Because the Dotys failed to amend their motion for summary judgment a third time to include these breach of contract and fraud claims, we only address the claims raised in their second motion for summary judgment. *See Johnson v. Rollen*, 818 S.W.2d 180, 183 (Tex. App.—Houston [1st Dist.] 1991, no writ) (holding if plaintiff amends petition to add new claims, defendant must amend summary judgment motion to address newly pleaded causes of action to support final summary judgment).

[6] "While sometimes termed a 'cause of action' colloquially, declaratory relief under the [Uniform Declaratory Judgments Act] is more precisely a type of remedy that may be obtained with respect to a cause of action or other substantive right[.]" *Youngblood v. Zaccaria*, 608 S.W.3d 134, 137 n.1 (Tex. App.—San Antonio 2020, pet. denied) (quoting *Craig v. Tejas Promotions, LLC*, 550 S.W.3d 287, 297–98 (Tex. App.—Austin 2018, pet. denied)); *see also* TEX. CIV. PRAC. & REM. CODE ANN. § 37.003.

**THE DOTYS'S MOTION FOR SUMMARY JUDGMENT ON LIMITATIONS AND STANDING/CAPACITY**

In their third issue, the Dotys contend the trial court erred in denying their motion for summary judgment based on the statute of limitations and standing/capacity.

***A.  Statute of Limitations***

The Dotys first assert that all of appellees' claims are barred by the statute of limitations.

     i.   Standard of Review

We review the trial court's grant of a summary judgment de novo.  *Mackey v. Great Lakes Invs., Inc.*, 255 S.W.3d 243, 253 (Tex. App.—San Antonio 2008, pet. denied).  We will uphold a summary judgment only if there is no genuine issue of material fact, and the movant is entitled to judgment as a matter of law on a ground set forth in the motion.  *See* TEX. R. CIV. P. 166a(c); *Mackey*, 255 S.W.3d at 253.  We view the evidence and its reasonable inferences in the light most favorable to the non-movant.  *Mackey*, 255 S.W.3d at 253.

In a motion for summary judgment based upon the affirmative defense of limitations, the burden is on the movant to establish as a matter of law that the applicable statute of limitations bars the action.  *Loeffler v. Lytle Indep. Sch. Dist.*, 211 S.W.3d 331, 344 (Tex. App.—San Antonio 2006, pet. denied).  The movant must (1) conclusively prove when the cause of action accrued, and (2) negate the discovery rule, if it applies and has been pleaded or otherwise raised.  *Id.*  If the movant establishes that the statute of limitations bars the action, the non-movant must then bring forth evidence raising a fact issue to avoid the statute of limitations.  *Id.*

     ii.   Applicable Law

"Because a declaratory judgment action is a procedural device used to determine substantive rights, to determine the applicable limitations period, we must look to the legal remedy underlying the cause of action."  *In re Estate of Denman*, 362 S.W.3d 134, 144 (Tex. App.—San Antonio 2011, no pet.) (citation omitted).  "The determination of the date on which a cause of

action accrued is a question of law for the court." *Id.* (citing *Schneider Nat'l Carriers, Inc. v. Bates*, 147 S.W.3d 264, 274–75 (Tex. 2004)). Generally, a cause of action accrues, and limitations begin to run, when facts come into existence that authorize a party to seek a judicial remedy. *In re Estate of Denman*, 362 S.W.3d at 144. In most cases, this occurs when a legal injury results from a wrongful act. *Id.* "[A] cause of action under the Declaratory Judgment Act does not accrue until there is an actual controversy between the parties." *Id.*

iii.    Analysis

Appellees' severed claims at issue in this appeal are their declaratory judgment claims, suit to quiet title, and request for a partition of the Ranch. Although the Dotys argue that all of appellees' claims are barred by the statute of limitations in their motion for summary judgment, they do not address the suit to quiet title or request for a partition in their brief on appeal. Therefore, we only consider the declaratory judgment claims when determining whether the trial court erred in denying the Dotys's motion for summary judgment on limitations. *See Rivas v. Sw. Key Programs, Inc.*, 507 S.W.3d 777, 782 (Tex. App.—El Paso 2015, no pet.) (summary judgment motion must address every claim raised to obtain dismissal of all claims).

In their motion for summary judgment, the Dotys asserted that the three-year statute of limitations for adverse possession governs and that appellees' causes of action accrued when the deed conveying the Ranch to the Dotys was recorded on April 23, 2002. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.024 ("A person must bring suit to recover real property held by another in peaceable and adverse possession under title or color of title not later than three years after the day the cause of action accrues."); *see also* TEX. PROP. CODE ANN. § 13.002 (recorded instrument provides notice of existence of instrument to all persons). In appellees' response, they counter that the four-year statute of limitations for breach of contract and fraud govern and that the cause of action accrued on February 24, 2009 when Davidson made his last payment/deposit into the

partnership bank account or in April 2009 when Kevin prohibited Davidson from selling his interest in the alleged partnership. *See* TEX. CIV. PRAC. & REM. CODE ANN. § 16.004 (four-year statute of limitations for specific performance of a contract for the conveyance of real property and for fraud).

We hold that the legal remedy underlying appellees' declaratory judgment action is the same legal remedy sought in their suit to quiet title. *See In re Estate of Denman*, 362 S.W.3d at 144. Appellees' fourth amended petition, which the Dotys's summary judgment motion addressed, requests that the court enter a declaration that Javelin Ranch, LP owns the Ranch (rather than Davidson and Kevin, as asserted in the original petition) and that Davidson was entitled to sell his one-half interest in the partnership. In appellees' suit to quiet title, they contend that Javelin Ranch, LP owns the Ranch and therefore the Dotys's names on the recorded title of the Ranch has created a cloud on Javelin Ranch LP's title to the Ranch. Appellees seek to remove this cloud of title on the Ranch. *See DTND Sierra Invs., LLC v. Deutsche Bank Nat. Tr. Co.*, No. 04-12-00817-CV, 2013 WL 4483436, at *2 (Tex. App.—San Antonio Aug. 21, 2013, pet. denied) (mem. op.) ("[A] suit to quiet title is an equitable remedy intended to clarify ownership and remove any cloud of title on property."). In substance, appellees' claims for declaratory relief are a remedy for their claim to quiet title. *See Poag v. Flories*, 317 S.W.3d 820, 829 (Tex. App.—Fort Worth 2010, pet. denied) (holding appellant's claim for declaratory relief was claim to quiet title because although appellant "couches his declaratory action in terms of a request for a declaration, everything he requests of the court is necessary to, and a component of, the ultimate relief he seeks, which is to clear the title on the two tracts of land he purchased from" another party); *see also Youngblood*, 608 S.W.3d at 136 n.1. The relief appellees ultimately seek is to clear title on the Ranch because they contend that Javelin Ranch, LP, and not the Dotys, own the Ranch. *See Vernon v. Perrien*, 390 S.W.3d 47, 61 (Tex. App.—El Paso 2012, pet. denied) ("A suit to quiet title relies on the

invalidity of the defendant's claim to the property" and "[t]he effect of a suit to quiet title is to declare invalid or ineffective the defendant's claim to title"); *see also Acrey v. Langston Land Partners, LP*, No. 11-14-00025-CV, 2016 WL 1725371, at *6 (Tex. App.—Eastland Apr. 29, 2016, no pet.) (mem. op.) ("[A] claim for declaratory relief is merely incidental to the title issues") (citation omitted).

Because appellees' requests for declaratory relief are, in substance, a remedy for their suit to quiet title, we look to the applicable statute of limitations for their suit to quiet title. *See Poag*, 317 S.W.3d at 829; *see also Youngblood*, 608 S.W.3d at 136 n.1. The Dotys did not address the applicable statute of limitations for appellees' suit to quiet title. Therefore, the Dotys failed to establish as a matter of law that the applicable statute of limitations barred appellees' claims. *See Loeffler*, 211 S.W.3d at 344; *Rivas*, 507 S.W.3d at 782.

### B. Standing

In their motion for summary judgment, the Dotys also challenge Davidson's standing to bring his claims, contending that only Javelin Ranch, LP had standing to bring any ownership claims.

"Both capacity and standing are necessary to bring a lawsuit." *Pike v. Tex. EMC Mgmt., LLC*, 610 S.W.3d 763, 775 (Tex. 2020). "A plaintiff has *standing* when it is personally aggrieved, regardless of whether it is acting with legal authority; a party has *capacity* when it has the legal authority to act, regardless of whether it has a justiciable interest in the controversy." *Id.* (quoting *Nootsie, Ltd. v. Williamson Cty. Appraisal Dist.*, 925 S.W.2d 659, 661 (Tex. 1996)). A plaintiff lacks capacity when he "is not entitled to recover in the capacity in which he sues." Tex. R. Civ. P. 93(2).

Taking appellees' allegations as true in their fourth amended petition, Davidson has standing and capacity, as a partner, to maintain an action against the partnership or another partner

for legal or equitable relief to enforce his rights under an alleged partnership agreement. *See* TEX. BUS. ORG. CODE ANN. § 152.211(b). "A partner is liable to a partnership and the other partners for: (1) a breach of the partnership agreement; or (2) a violation of a duty to the partnership or other partners under this chapter that causes harm to the partnership or the other partners." *Id.* § 152.210. "A partner may maintain an action against the partnership or another partner for legal or equitable relief . . . to . . . enforce a right under the partnership agreement; [or to] . . . enforce the rights and otherwise protect the interests of the partner, including rights and interests arising independently of the partnership relationship." *Id.* § 152.211(b). Davidson, as a partner who alleged he was personally aggrieved, was able to bring claims for those injuries he suffered directly. *See In re Fisher*, 433 S.W.3d 523, 527–28 (Tex. 2014) (orig. proceeding). Accordingly, Davidson had standing and capacity to individually bring suit against Kevin, another partner, to enforce his rights under the alleged partnership agreement. *See* TEX. BUS. ORG. CODE ANN. §§ 152.210, 152.211(b).

We overrule the Dotys's issue regarding the trial court's denial of their motion for summary judgment on limitations and standing/capacity and affirm the trial court's order denying this motion.

**APPELLEES' MOTION FOR SUMMARY JUDGMENT CONCERNING OWNERSHIP OF THE RANCH**

The Dotys also challenge the trial court's separate order granting appellees' motion for summary judgment concerning ownership of the Ranch.

To obtain a traditional motion for summary judgment, the movant must show that there is no genuine issue of material fact and that judgment should be granted as a matter of law. TEX. R. CIV. P. 166a(c); *Draker v. Schreiber*, 271 S.W.3d 318, 321 (Tex. App.—San Antonio 2008, no pet.). Under this traditional standard, we take as true all evidence favorable to the respondent and must make all reasonable inferences in the respondent's favor. *Draker*, 271 S.W.3d at 321. A

summary judgment cannot be affirmed on any ground not specifically presented in the motion for summary judgment. *See Villejo Enters., LLC v. C.R. Cox, Inc.*, No. 04-19-00882-CV, 2021 WL 185528, at *7 (Tex. App.—San Antonio Jan. 20, 2021, no pet.) (mem. op.).

### A. *Appellees' Suit to Quiet Title and Requests for Declaratory Relief*

As discussed above, appellees' requests for declaratory relief ultimately seek the same relief as their suit to quiet title—a determination that Javelin Ranch, LP owns the Ranch and a declaration that the Dotys's claim to title is invalid. *See Poag*, 317 S.W.3d at 829. We therefore examine appellees' requests for declaratory relief with their suit to quiet title. *See id.*; *see also Youngblood*, 608 S.W.3d at 136 n.1; *Offord v. Carson*, No. 01-19-00815-CV, 2021 WL 3358023, at *4 (Tex. App.—Houston [1st Dist.] Aug. 3, 2021, no pet.) (mem. op.) ("Texas courts consider the substance and not the form of the pleadings to determine whether an action is properly considered as one for declaratory judgment, trespass to try title, or to quiet title.") (citations omitted); *Curtis v. Baker*, No. 14-17-00859-CV, 2018 WL 6684263, at *6 (Tex. App.—Houston [14th Dist.] Dec. 20, 2018, no pet.) (mem. op.) (reversing trial court's order granting summary judgment on appellee's claims to quiet title and for declaratory judgment because fact issues existed regarding whether deed was valid).

In their motion for summary judgment, appellees contend that title to the Ranch, held in the Dotys's names, must be placed in the name of Javelin Ranch, LP because appellees presented evidence establishing that Javelin Ranch, LP owns the Ranch as a matter of law. Under Texas law, a suit to quiet title is an equitable remedy intended to clarify ownership and remove any cloud of title on property. *See DTND Sierra Invs., LLC*, 2013 WL 4483436, at *2. A cloud of title exists when an outstanding claim or encumbrance, which on its face, if valid, would affect or impair the property owner's title. *Id.* If a plaintiff prevails in a suit to quiet title, the court declares invalid or ineffective the defendant's claim to title. *Id.* To prevail in a suit to quiet title, a plaintiff must

prove: (1) he has an interest in a specific property; (2) title to the property is affected by a claim by the defendant; and (3) the claim, although facially valid, is invalid or unenforceable. *Id.* at \*3. A suit to quiet title relies on the invalidity of the defendant's claim to the property. *Id.* Yet, a plaintiff can only recover on the strength of his or her own title, not on the weakness of the defendant's title. *Id.* The plaintiff has the burden of supplying the proof necessary to establish his superior equity and right to relief. *Id.* That is, "the plaintiff must prove, as a matter of law, right, title, or ownership in himself with sufficient certainty to enable the court to see that he has a right of ownership and that the alleged adverse claim is a cloud on the title that equity will remove." *Hahn v. Love*, 321 S.W.3d 517, 531 (Tex. App.—Houston [1st Dist.] 2009, pet. denied).

Appellees attached summary judgment evidence including: the Dotys's responses to their requests for admission that 1) money deposited into a bank account owned by the parties was used to pay the mortgage on the Ranch and 2) the partnership was to receive title upon retirement of the purchase money note by the partners in the course of the partnership which never occurred; Kevin's responses to their interrogatories in which he stated that the agreement between the parties included Kevin purchasing the Ranch and Davidson paying half of the expenses associated with the loan to purchase the Ranch as well as the upkeep, maintenance and improvements to the Ranch; the Dotys's counterclaim in which they state that Javelin Ranch, LP would own and acquire title to the Ranch and that Davidson paid $15,391.22 into a bank account styled "Javelin Ranch" opened for the partnership; and an agreement between the Dotys and Carl J. Kolb, P.C. that assigns twenty percent of the Ranch to Carl J. Kolb, P.C. and defines the "Clients" as "Kevin Dale Doty, Individually and in his capacity as Partner of Javelin Ranch, a Partnership, and Elizabeth A. Doty, Individually." Appellees argued this evidence creates a presumption that the Ranch is partnership property because the evidence shows that it was acquired with partnership property. *See* TEX. BUS.

ORG. CODE ANN. § 152.102(b) ("Property is presumed to be partnership property if acquired with partnership property[.]").

The Dotys responded to appellees' motion for summary judgment, arguing genuine issues of material fact exist relating to whether Javelin Ranch, LP owns the Ranch because the evidence shows that record title is in the Dotys's names and the evidence, at most, only shows that Davidson was making various financial contributions to the partnership account and not that partnership property purchased the Ranch. The Dotys attached: their loan application for funds to purchase the Ranch dated February 26, 2002; a promissory note signed by them dated April 15, 2002; and the distribution of the loan proceeds by the mortgage company on April 22, 2002. They contend that this evidence rebuts the presumption in section 152.102 of the Texas Business Organizations Code because it shows that the Ranch was not acquired with partnership property, but with the proceeds from this loan in the Dotys's names distributed to the sellers of the Ranch on April 22, 2002. The Dotys also contend that genuine issues of material fact exist as to the terms of the alleged partnership agreement, if one even exists, which is not in writing.

Taking all evidence favorable to the Dotys as true and making all reasonable inferences in their favor, we hold that the summary judgment evidence raises a fact issue as to whether Javelin Ranch, LP should hold title to the Ranch instead of the Dotys. The parties provide conflicting evidence as to whether a partnership existed, the terms of the partnership agreement, if one exists, and whether appellees have any interest in the Ranch. *See Transcontinental Ins. Co. v. Briggs Equip. Trust*, 321 S.W.3d 685, 696 (Tex. App.—Houston [14th Dist.] 2010, no pet.) (reversing summary judgment because conflicting evidence created fact issue); *see also Curtis*, 2018 WL 6684263, at *6 (reversing trial court's order granting summary judgment for appellee on his claims to quiet title and for declaratory judgment because fact issue existed as to extent of appellees' ownership interest in property); *Westergren v. Hous. Pilots Ass'n*, 566 S.W.3d 7, 16 (Tex. App.—

Houston [14th Dist.] 2018, no pet.) ("[W]hether an arrangement is considered a partnership often presents a question of fact.").

Therefore, we reverse the trial court's order granting summary judgment in favor of appellees' suit to quiet title and remand this claim, along with their claims for declaratory relief, to the trial court for further proceedings.

### B. Appellees' Request for a Partition

Appellees do not address their request for a partition of the Ranch in their motion for summary judgment. Therefore, we reverse the trial court's order granting appellees' motion for summary judgment as to their request for a partition and remand this cause of action to the trial court for further proceedings. *See G & H Towing Co. v. Magee*, 347 S.W.3d 293, 297 (Tex. 2011) (per curiam) ("Granting a summary judgment on a claim not addressed in the summary judgment motion . . . is, as a general rule, reversible error."); *Villejo Enters.*, 2021 WL 185528, at *7 (summary judgment cannot be affirmed on any ground not specifically presented in motion for summary judgment and cannot be granted on entirety of opponent's case unless motion addresses each of non-movant's causes of action). We sustain the Dotys's issues relating to the trial court's order granting appellees' motion for summary judgment concerning ownership of the Ranch. We reverse this order and remand appellees' claims to the trial court.

### CONCLUSION

We affirm the trial court's order denying the Dotys's motion for summary judgment on limitations and standing/capacity. We reverse the trial court's order granting appellees' summary judgment concerning ownership of the Ranch and remand appellees' claims to the trial court for further proceedings.

Rebeca C. Martinez, Chief Justice

- 14 -