

# NUMBER 13-23-00266-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI – EDINBURG

MARQUIS CONSTRUCTION
SERVICES, LLC,                                                              Appellant,

v.

JESUS TORRES,                                                              Appellee.

## ON APPEAL FROM THE COUNTY COURT AT LAW NO. 4
## OF HIDALGO COUNTY, TEXAS

## MEMORANDUM OPINION

**Before Chief Justice Tijerina and Justices Peña and West
Memorandum Opinion by Justice Peña**

Appellant Marquis Construction Services, LLC (Marquis) appeals from a jury's verdict finding it liable to appellee Jesus Torres for discharging him because he filed or instituted or caused to be instituted a workers' compensation claim. *See* TEX. LAB. CODE § 451.001(1), (3). On appeal, Marquis contends that the trial court erred by denying its

motion to transfer venue from Hidalgo County to Brazoria County. Because we agree, we reverse and remand.[1]

## I.   BACKGROUND

Marquis is a single-source construction company that offers a variety of construction services in Texas, including scaffolding, insultation, and industrial painting. On April 26, 2019, Marquis hired Torres as a scaffold carpenter to work on a project at the Formosa Plant in Point Comfort, Texas—located within Calhoun County. On May 6, 2019, Torres was injured at the jobsite when he fell down a flight of stairs while carrying plywood, injuring his knee and back. That same day, Marquis completed an incident report and had its safety technician accompany Torres for medical evaluations in Port Lavaca, Texas. The following month, Torres missed work on three consecutive days between June 8 and June 10.[2] According to Marquis's attendance policy, "Any failure to call or show up for work for two consecutive days will be considered a voluntary termination." Thus, Marquis made the decision to terminate Torres on June 10, 2019. Subsequently on June 13, 2019, a Marquis supervisor informed Torres in person at the Formosa Plant of Torres's termination based on violation of the attendance policy. In October of 2019, Torres filed for workers' compensation and began receiving benefits.

On February 13, 2020, Torres filed suit against Marquis in Hidalgo County alleging a violation of Texas Labor Code § 451.001—the state workers' compensation retaliation statute. Torres alleged that Marquis terminated him "for a pretextual reason" and sought

---

[1] Marquis also contends that the trial court erred by denying its motion for directed verdict on the causation element of Torres's claim and by denying its motion for directed verdict on its discharge defense. Because the first issue is dispositive of the appeal, we do not address these issues. *See* TEX. R. APP. P. 47.1.

[2] The parties dispute whether Torres was scheduled to work during that period and whether he gave adequate notice of his absence to supervisors.

damages for economic loss and mental anguish. On June 22, 2020, Marquis filed its original answer subject to a motion to transfer venue to Brazoria County. In its motion to transfer venue, Marquis specifically denied the allegation that Hidalgo County is a proper venue. Marquis argued that venue is proper in Calhoun County, allegedly where all or a substantial part of the events giving rise to the claim occurred, and in Brazoria County, where it maintains its principal office. *See* TEX. CIV. PRAC. & REM CODE § 15.002(a)(1), (a)(3). Torres opposed the transfer and again argued that all or substantial part of the events or omissions giving rise to his claim occurred in Hidalgo County.

On October 8, 2020, the trial court signed an order denying Marquis's motion to transfer venue. A jury trial commenced on May 16, 2023. The jury found that Marquis discharged Torres because he filed or instituted or caused to be instituted a workers' compensation claim in good faith and awarded Torres $225,000 in damages for lost earnings and mental anguish. Marquis appeals.

## II.    APPLICABLE LAW & STANDARD OF REVIEW

Generally, plaintiffs are allowed to choose venue first, and their choice cannot be disturbed so long as suit is initially filed in a county of proper venue. *Wilson v. Tex. Parks & Wildlife Dep't*, 886 S.W.2d 259, 260 (Tex. 1994); *Nalle Plastics Fam. Ltd. P'ship v. Porter, Rogers, Dahlman, & Gordon, P.C.*, 406 S.W.3d 186, 194 (Tex. App.—Corpus Christi–Edinburg 2013, pet. denied). "If the plaintiff fails to establish proper venue, the trial court must transfer venue to the county specified in the defendant's motion to transfer, provided that the defendant has requested transfer to another county of proper venue." *Cantu v. Howard S. Grossman, P.A.*, 251 S.W.3d 731, 751 (Tex. App.—Houston [14th Dist.] 2008, pet. denied). "Proper venue" means: (1) the mandatory venue as provided by

3

statute; or (2) if there is no mandatory venue, the venue provided under the general venue statute or the permissive venue provisions of subchapter C of Texas Civil Practice and Remedies Code Chapter 15. TEX. CIV. PRAC. & REM. CODE § 15.001(b). The general venue statute states that all lawsuits shall be brought:

> (1) in the county in which all or a substantial part of the events or omissions giving rise to the claim occurred;
>
> (2) in the county of defendant's residence at the time the cause of action accrued if defendant is a natural person;
>
> (3) in the county of the defendant's principal office in this state, if the defendant is not a natural person; or
>
> (4) if Subdivisions (1), (2), and (3) do not apply, in the county in which the plaintiff resided at the time of the accrual of the cause of action.

*Id.* § 15.002(a). Venue may be proper in more than one county under the general, mandatory, or permissive venue rules. *Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d at 195 (citing *GeoChem Tech Corp. v. Verseckes*, 962 S.W.2d 541, 544 (Tex. 1998)).

A trial court must consider all venue facts pleaded by the plaintiff as true unless they are specifically denied by an adverse party. TEX. R. CIV. P. 87(3)(a). Once an adverse party specifically denies venue facts, the plaintiff must then respond with prima facie proof of those facts. *Id.* "Prima facie proof is made when the venue facts are properly pleaded and an affidavit, and any duly proved attachments to the affidavit, are filed fully and specifically setting forth the facts supporting such pleading." *Id.* At the trial court level, this prima facie proof is not subject to rebuttal, cross-examination, impeachment, or even disproof. *Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d at 195 (citing *Ruiz v. Conoco, Inc.*, 868 S.W.2d 752, 757 (Tex. 1993)). The suit must remain in the county of suit if the plaintiff selected a county of proper venue and supported the selection with prima facie proof

supporting venue there. *Id.* (citing *Chiriboga v. State Farm. Mut. Auto. Ins. Co.*, 96 S.W.3d 673, 678 (Tex. App.—Austin 2003, no pet.).

We review the trial court's denial of a motion to transfer venue de novo. *Wilson*, 886 S.W.2d at 260. In de novo review, we exercise our own discretion and accord no deference to the trial court's decision. *Vaughn v. Vaughn*, 710 S.W.3d 412, 418 (Tex. App.—Eastland 2025, pet. denied) (citing *Quick v. City of Austin*, 7 S.W.3d 109, 116 (Tex. 1998)). "In determining whether venue was or was not proper, the appellate court shall consider the entire record, including the trial on the merits." TEX. CIV. PRAC. & REM. CODE § 15.064(b). "[I]f there is probative evidence in the record to support the trial court's determination, the appellate court should defer to the trial court, even if the preponderance of the evidence is to the contrary." *Fortenberry v. Great Divide Ins.*, 664 S.W.3d 807, 811 (Tex. 2023). However, when the issue is considered on appeal, conclusive evidence to the contrary can "destroy the probative evidence." *Chiriboga*, 96 S.W.3d at 678; *see Ruiz*, 868 S.W.2d at 757 (observing that "[t]he procedure mandated by this statute is fundamentally flawed because it allows appellate review of venue on a basis different from that on which it was decided"). "On appeal from the trial on the merits, if venue was improper it shall in no event be harmless error and shall be reversible error." TEX. CIV. PRAC. & REM. CODE § 15.064(b). When we reverse a judgment because venue was improper, we remand with instructions to transfer to a proper venue request by the defendant. *See Union Pac. R. Co. v. Cezar*, 293 S.W.3d 800, 819 (Tex. App.—Beaumont 2009, no pet.).

## II.  VENUE

In its first issue, Marquis contends that the trial court erred in denying its motion to

transfer venue. Specifically, Marquis contends that Torres cannot demonstrate that venue is proper in Hidalgo County. Marquis asserts that all or a substantial part of the events giving rise to the claim occurred in Calhoun County, not Hidalgo County.

## A. Venue in Hidalgo County

Torres's petition alleged that Hidalgo County is a proper venue because "a substantial part of the events or omissions giving rise to the [his] claim occurred in Hidalgo County." TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). In order to establish Hidalgo County as a proper venue, Torres must have presented evidence establishing a link between the essential elements of his cause of action and Hidalgo County. *Double Diamond-Del., Inc. v. Alfonso*, 487 S.W.3d 265, 271 (Tex. App.—Corpus Christi–Edinburg 2016, no pet.) (citing *Chiriboga*, 96 S.W.3d at 680–81); *see also Siemens Corp. v. Bartek*, No. 03-04-00613-CV, 2006 WL 1126219, at *5 (Tex. App.—Austin Apr. 28, 2006, no pet.) (mem. op.) ("In making a determination of whether a substantial part of the events giving rise to the claim occurred in the venue chosen, the court must examine the essential elements of the claim.").

Torres's petition alleged that Marquis "violated [§] 451.001 of the Texas Labor Code by discharging [Torres] because he notified [Marquis] of his on-the-job injury and / or initiated the filing of a worker's compensation claim in good faith, and by not reinstating him." Texas Labor Code § 451.001 states that an employer may not discharge or otherwise discriminate against an employee because the employee has filed a workers' compensation claim in good faith or instituted or caused to be instituted a workers' compensation claim. TEX. LAB. CODE § 451.001(1), (3). For a workers' compensation retaliation claim, the essential elements are: (1) an employee, who (2) is discharged

6

(3) because the employee has filed a workers' compensation claim in good faith and (4) the discharge would not have occurred when it did "but for" the filing of the claim. *Arellano v. Americanos USA, LLC*, 334 S.W.3d 326, 333 (Tex. App.—El Paso 2010, no pet.); *Aust v. Conroe Indep. Sch. Dist.*, 153 S.W.3d 222, 227 (Tex. App.—Beaumont 2004, no pet.). Such a claim accrues when the employee receives unequivocal notice of the termination or when a reasonable person should have known of the termination. *Rivas v. Sw. Key Programs, Inc.*, 507 S.W.3d 777, 779 (Tex. App.—El Paso 2015, no pet.).

Attached in support of Marquis's motion to transfer venue was the affidavit of Frank Kauffman, Director of Human Resources for Marquis. Kauffman averred that Torres was hired as a carpenter around April of 2019 to work at the Formosa Plant in Calhoun County. Kauffman further averred that Torres was injured onsite at the Formosa Plant on May 6, 2019, and underwent an initial medical examination in Calhoun County. After Torres allegedly violated the company's no-show policy, Marquis terminated Torres's employment on June 10, 2019—the decision made by management in Calhoun County. Additionally, Kauffman averred that Marquis's principal office and all company decision makers are located in Brazoria County.

Since Marquis challenged Torres's venue choice, the burden was on Torres to prove that Hidalgo County is a county of proper venue. *Double Diamond-Del.*, 487 S.W.3d at 271 (citing *In re Masonite Corp.*, 997 S.W.2d 194, 197 (Tex. 1999)). In Torres's response, he again argued that all or substantial part of the events or omissions giving rise to his claim occurred in Hidalgo County. Attached in support was an affidavit by Torres. Torres averred that "[he] was domiciled in Hidalgo County, Texas during the period of time [he] was employed by [Marquis] and also at the time [he] was retaliated

7

against for filing a workers' compensation claim." Torres further averred that "[a]s a result of the injuries [he] sustained on May 6, 2019, [he] treated with Dr. Jorge Saenz in Hidalgo County, Texas for approximately five months following the incident."

Marquis argues on appeal that Torres "never pleaded facts sufficient to support venue in Hidalgo County." We agree. When considering the essential elements of Torres's workers' compensation retaliation claim in conjunction with the record, Hidalgo County lacks meaningful connection. Focusing on the plain language of § 15.002(a)(1), "all or a substantial part of the events giving rise to the claim occurred" in Calhoun County. TEX. CIV. PRAC. & REM. CODE § 15.002(a)(1). Torres was hired to work at the Formosa Plant located in Calhoun County. Torres instituted or caused to be instituted a proceeding under the Texas Workers' Compensation Act in Calhoun County because that is where Marquis was informed of his on-the-job injury. *See Salas v. Fluor Daniel Servs. Corp.*, 616 S.W.3d 137, 148 (Tex. App.—Houston [14th Dist.] 2020, no pet.). Torres's claim accrued when he received "unequivocal notice of the termination" from Mike Mendoza at the Formosa Plant in Calhoun County. *Rivas*, 507 S.W.3d at 779. Furthermore, according to the affidavit of Kauffman, Marquis made the decision to terminate Torres's employment in Calhoun County. The gravamen of Torres's claim is retaliation on the part of Marquis because he filed or caused to be instituted a workers' compensation claim—none of which occurred in Hidalgo County.

While Torres argues that his affidavit was prima facie proof "not subject to rebuttal, cross-examination, impeachment, or even disproof," *Nalle Plastics Fam. Ltd. P'ship*, 406 S.W.3d at 195, Marquis argues that where Torres was domiciled or where he received medical treatment is not relevant to this venue determination. We agree. Torres's Hidalgo

8

County domicile and location of subsequently received medical treatment are not venue facts relevant to the essential elements of his workers' compensation retaliation claim. *See generally* TEX. CIV. PRAC. & REM. CODE ANN. § 15.002(a)(4) (stating that a plaintiff's residence becomes relevant to a venue determination only when the other general venue subdivisions do not apply).

Torres argues that even if his prima facie proof was insufficient, the record contains probative evidence that Hidalgo County was a proper venue. We disagree. Torres first argues that he was recruited by Marquis in Hidalgo County and points to his trial counsel's statement at the venue hearing. Torres's trial counsel stated that Marquis "failed to mention the fact that [Torres] was recruited in Hidalgo County." However, an attorney's statements are generally not evidence, and this statement is insufficient to establish that Torres was recruited in Hidalgo County. *See Vacarro v. Raymond James & Assocs., Inc.*, 655 S.W.3d 485, 491–92 (Tex. App.—Fort Worth 2022, no pet.). Torres points next to his testimony. Torres testified that he was paid per diem for his expenses, stayed in a cabin with other employees, and had to travel more than three hours to the Formosa Plant. Torres argues on appeal that this testimony "lends credibility to Torres's recruit[ment] from his home in Hidalgo County." Assuming without deciding that an employee's place of recruitment is relevant to a venue determination in a workers' compensation retaliation case, Torres's testimony does not establish that he was recruited from Hidalgo County, and we decline to speculate on the meaning of his testimony. *See Cmty. Initiatives, Inc. v. Chase Bank of Tex.*, 153 S.W.3d 270, 283 (Tex. App.—El Paso 2004, no pet.) (explaining courts are unable to convert suspicion or surmise into evidence).

Torres next argues that Hidalgo County is a proper venue because he was first

9

informed of his termination while present in Hidalgo County. *See Rivas*, 507 S.W.3d at 779 (stating a workers' compensation retaliation claim accrues when a worker receives unequivocal notice of the termination or when a reasonable person should have known of the termination). In support of this contention, Torres points to his deposition testimony. Torres testified that "[he] heard from some of [his] coworkers that they were going to terminate [him] because [he] filed a workers' comp claim." However, Torres was unable to testify as to when that conversation occurred, where he was when that conversation occurred, or the last names of the employees who told him. We do not find the testimony sufficiently establishes that Torres was in Hidalgo County when he received notice of his termination. *See Cmty. Initiatives Inc.*, 153 S.W.3d at 283.

Torres also argues that Hidalgo County is a proper venue because he was there when he sent texts and made phone calls to supervisors about his absence, which he contends ultimately led to his termination. Torres testified at trial that he often returned to Hidalgo County on his days off. Torres further testified that he sent texts and attempted to call the general foreman, Manny Cantu, about his absence from work on June 10, 11, and 12. In support of this argument, Torres relies on two cases for the proposition that a county where text messages are sent from and calls made from render the county a proper venue. *See KW Const. v. Stephens & Sons Concrete Contractors, Inc.*, 165 S.W.3d 874 (Tex. App.—Texarkana 2005, pet. denied); *Colonial Cnty. Mut. Ins. Co. v. Valdez*, 30 S.W.3d 514 (Tex. App.—Corpus Christi–Edinburg 2000, no pet.).

In *KW Construction*, our sister court held that a "substantial part" of the plaintiff's breach of contract claim was sufficiently connected to establish venue in Lamar County. 165 S.W.3d at 882–83. The court found that at least two elements of plaintiff's breach of

contract claim were tied to Lamar County as the plaintiff was there when the parties orally formed their contract over the phone and the defendant mailed an insufficient check to the plaintiff there. *Id.* Unlike *KW Construction*, where the call and letter directly related to contract formation and breach—essential elements of the plaintiff's claim, here Torres's calls and texts to Marquis do not relate to multiple essential elements of his workers' compensation retaliation claim. *See id.*

In *Colonial County Mutual*, we held that Cameron County was a proper venue in a Deceptive Trade Practices Act case because a substantial part of the events or omissions giving rise to the claim occurred therein. 30 S.W.3d at 527. We noted that letters sent by the plaintiff in Cameron County to the defendant regarding the contested policy supported venue in Cameron County. *Id.* However, the "substantial part" requirement demands more than a single fact connected to the lawsuit. *See Chiriboga*, 96 S.W.3d at 681–82. We also noted that the plaintiff had purchased insurance in Cameron County, the alleged misrepresentations were made to him in Cameron County, the car was stolen in Cameron County, the plaintiff made his claim on the policy in Cameron County, and the insurance company sent an agent to investigate the claim in Cameron County. *Colonial Cnty. Mut. Ins. Co.*, 30 S.W.3d at 527. Here, the phone calls and texts from Torres are not supported by other venue facts such as in *Colonial County Mutual* to establish that "all or a substantial part of the events" giving rise to the claim occurred in Hidalgo County. *See id.* Rather, as discussed above, the record demonstrates that the venue facts tied to essential elements of the claim point to Calhoun County.

In his last argument, Torres contends that Hidalgo County is a proper venue because his workers' compensation claim was "formalized" therein. Torres testified at trial

11

that he filed his workers' compensation claim in October of 2019—around five months after the injury when he returned to Hidalgo County. Torres essentially argues that while his claim was instituted or caused to be instituted when Marquis learned of his on-the-job injury in Calhoun County, *see Salas* 616 S.W.3d at 148, Hidalgo County is a proper venue because that is the county where he formally filed for and began to receive workers' compensation benefits. In support of this argument, Torres relies on *Worsham Steel Co. v. Arias*, 831 S.W.2d 81 (Tex. App.—El Paso 1992, no writ). In *Worsham Steel Company*, the employer argued that "no cause of action for wrongful discharge exists unless a claim for workers' compensation has been filed at the time of discharge." *Id.* at 84. Our sister court held that, given the purpose of the Texas Workers' Compensation Act, an employee "institutes a proceeding" once the employer is informed of the on-the-job injury. *Id.* Therefore, an employee who did not file his workers' compensation claim until two days after his termination was still able to maintain his action. *Id.* However, *Worsham Steel Company* does not stand for the proposition that the county where a workers' compensation claim is formally filed establishes venue under § 15.002(a)(1). Rather, the holding in *Worsham Steel Company* addressed whether formally filing for workers' compensation is a prerequisite to maintain a suit under the Texas Workers' Compensation Act. *See id.* In the present case, it is undisputed that Torres did not receive workers' compensation benefits until about four months after being terminated. Any alleged improper motive on the part of Marquis must have existed at the time of termination in June. Torres's "formalization" of his workers' compensation claim while in Hidalgo County four months after being terminated is too tenuous to support venue there.

For the reasons described above, we hold that the facts alleged did not constitute

12

probative evidence that venue was proper in Hidalgo County. *See Chiriboga*, 96 S.W.3d at 678. The evidence presented indicates that many elements of Torres's claims have a direct relationship with Calhoun County, not Hidalgo County. Accordingly, we conclude that the trial court erred when it determined that all or a substantial part of the events giving rise to the claim occurred in Hidalgo County. *See id.* at 682–83. Having so concluded, we must next determine whether Marquis put forth evidence in support of Brazoria County as a county of proper venue. *Cantu*, 251 S.W.3d at 751.

**C.      Venue in Brazoria County**

In its motion to transfer venue, Marquis sought to have the case transferred to Brazoria County pursuant to Texas Civil Practice and Remedies Code § 15.002(a)(3) because it is the county where it maintains its principal place of business. *See* TEX. CIV. PRAC. & REM. CODE § 15.002(a)(3). In support, Marquis submitted Kauffman's affidavit, who averred that "Marquis' principal office is located in Brazoria County, Texas, and all of Marquis' decision makers, including its CEO, work from its headquarters in Brazoria County." Jacob Martinez, a project manager for Marquis, further testified that Marquis' central office is located in Angleton, Texas within Brazoria County. Torres does not contend that venue would be improper in Brazoria County; instead, he argues that venue was also proper in Hidalgo County. We agree that Marquis put forth sufficient evidence supporting venue in Brazoria County pursuant to § 15.002(a)(3). *See id.*

Because we have determined that Hidalgo County is not a county of proper venue as to Torres's claim and that Brazoria County is a county of proper venue, we conclude that the trial court erred when it denied Marquis' motion to transfer venue. We sustain

13

Marquis' first issue.

### III.    CONCLUSION

We reverse the judgment of the trial court and remand the case to the trial court

with instructions to transfer the cause to Brazoria County. *See Cezar*, 293 S.W.3d at 819.

L. ARON PEÑA JR.
Justice

Delivered and filed on the
8th day of January, 2026.

14